IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2013

## ANTOINETTE HILL v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 100669     Mary Beth Leibowitz, Judge**

_____

**No. E2013-00407-CCA-R3-PC - Filed October 16, 2013**

_____

The Petitioner, Antoinette Hill, appeals the Knox County Criminal Court's summary dismissal of her petition for a writ of error coram nobis. She asserts that newly discovered evidence, namely an addiction to alcohol and pills by the trial court judge who presided over her trial for first degree premeditated murder, warrants a new trial. Upon review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Antoinette Hill, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The Petitioner's 2001 conviction for first degree premeditated murder resulted from her assisting her boyfriend in the death of his ex-wife in 2009. See State v. Hill, 118 S.W.3d 380 (Tenn. Crim. App. 2002). Judge Richard Baumgartner presided over the Petitioner's trial and sentenced her to life in confinement. Id. at 380. On appeal to this court, the Petitioner claimed that the evidence was insufficient to support her conviction and that the trial court erred in its instructions to the jury. Id. This court affirmed the Petitioner's conviction. Id. The Petitioner did not file an application for permission to appeal with our

supreme court or file a petition for post-conviction relief.

As our supreme court explained, "[o]n March 10, 2011, . . . former Judge Baumgartner resigned from the bench after pleading guilty to one count of official misconduct." <u>State v. Letalvis Cobbins</u>, ___ S.W.3d ___, No. E2012-00448-SC-R10-DD, 2012 Tenn. LEXIS 965, at *2 (Knoxville, May 24, 2012). On November 26, 2012, the Petitioner filed a petition for a writ of error coram nobis, claiming that on December 2, 2011, the Tennessee Bureau of Investigation (TBI) released a 155-page report about Judge Baumgartner's abuse of alcohol and drugs "dating back to 2006 and alcoholism dating back even further." The Petitioner claimed that, had Judge Baumartner's addictions to alcohol and narcotics been made public at her trial, "a request for him to recuse or remove himself from the case could have been filed, and had he recused himself, errors in the jury instructions could have been avoided which could have resulted in a different jury verdict." The Petitioner also claimed that she could have argued that the judge's ability to act as the thirteenth juror was impaired by his addictions. In a written order filed on January 3, 2013, the coram nobis court summarily dismissed the petition, stating:

> There is no proof before this court or any other court that such inappropriate behavior for which the Judge pled to official misconduct in 2011, nor any specific allegation with respect to whether or not there was any inappropriate behavior of the trial court that would have changed the outcome of her trial in 2001. The statue of limitations has expired with respect to a Writ of Error Coram Nobis at this time. The defendant's petition is therefore respectfully denied.

## II. Analysis

The Petitioner contends that the coram nobis court erred by summarily dismissing her petition because the State did not raise the statute of limitations as an affirmative defense; that the court erred by dismissing her petition without affording her an evidentiary hearing; and that the court used the wrong standard in dismissing her petition when it concluded that she failed to show that the outcome of her trial would have been different rather than could have been different. The State argues that the court properly dismissed the petition. We agree with the State.

Tennessee Code Annotated section 40-26-105(a) and (b) provide as follows:

> There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error

coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Generally, a decision whether to grant a writ of error coram nobis rests within the sound discretion of the trial court. See State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995).

A writ of error coram nobis must be filed within one year after the judgment becomes final in the trial court. Tenn. Code Ann. § 27-7-103. However, the one-year statute of limitations may be tolled on due process grounds if a petition seeks relief based upon newly discovered evidence of actual innocence. Wilson v. State, 367 S.W.3d 229, 234 (Tenn. 2012). Our supreme court has stated, "In determining whether tolling of the statute is proper, the court is required to balance the petitioner's interest in having a hearing with the interest of the State in preventing a claim that is stale and groundless." Id. In general, "'before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.'" Id. (quoting Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992)). Our supreme court described the three steps of the "Burford rule" as follows:

"(1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are 'later-arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim."

Id. (quoting Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995)). "Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness." State v. Harris, 301 S.W.3d 141, 145 (Tenn. 2010).

Initially, we note that the State claims we should dismiss the appeal because the Petitioner's notice of appeal was untimely. Rule 4(a) of the Tennessee Rules of Appellate Procedure instructs that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" The coram nobis court filed its order summarily dismissing the petition on January 3, 2013. According to the certificate of service on the Petitioner's notice of appeal, the notice of appeal was mailed to the Knox County Criminal Court Clerk on January 31, 2013. However, the clerk did not date-stamp the notice of appeal until February 7, 2013, rendering it untimely. The State argues that although the "mailbox rule" provides that papers filed under the Rules of Criminal Procedure by incarcerated pro se litigants may be considered filed within the prescribed time if delivered to the appropriate prison authority for mailing within the time allowed for filing, the rule does not apply in this case because the notice of appeal does not show on which date the Petitioner provided the document to the appropriate individual at the correctional facility. See Tenn. R. Crim. P. 49(d). Regardless, Rule 4 states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). We have chosen to waive the timely filing to address the Petitioner's concerns.

The Petitioner claims that the coram nobis court erred by dismissing her petition as time-barred because the State did not raise the statute of limitations as an affirmative defense. See Harris v. State, 102 S.W.3d 587, 593 (Tenn. 2003) (stating that "the State bears the burden of raising the bar of the statute of limitations as an affirmative defense"). The State asserts that it did not raise the statute of limitations because the coram nobis court summarily dismissed the petition before the State got a chance to respond. The State argues that, in any event, the trial court could summarily dismiss the petition. We agree with the State. See, e.g., State v. Johnny L. McGowan, Jr., No. M2007-02681-CCA-R3-CO, 2008 Tenn. Crim. App. LEXIS 675, at *7 (Nashville, Aug. 5, 2008).

Given that the coram nobis court could summarily dismiss the petition, we must determine whether the court properly dismissed the petition based upon its being untimely. Obviously, the petition was filed well-outside the one-year statute of limitations. Regarding whether the grounds for relief actually arose after the limitations period would normally have commenced, the Petitioner apparently contends that the grounds for relief did not commence until December 2, 2011, when the 155-page TBI report regarding Judge Baumgartner's addictions was released to the public.

As to whether, under the facts of the case, a strict application of the limitations period would effectively deny the Petitioner a reasonable opportunity to present the claim, we will consider whether the newly discovered evidence alleged by the Petitioner was sufficient to support the petition. The writ of error coram nobis is a post-conviction mechanism that has

a long history in the common law and the State of Tennessee. See, e.g., State v. Vasques, 221 S.W.3d 514, 524-26 (Tenn. 2007). The writ "is an extraordinary procedural remedy . . . [that] fills only a slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999). By its terms, the statute is "confined" to cases in which errors exist outside the record and to matters that were not previously litigated. Tenn. Code Ann. § 40-26-105(b).

Our supreme court has stated that when examining a petition for writ of error coram nobis, a trial court is to

> first consider the newly discovered evidence and be "reasonably well satisfied" with its veracity. If the defendant is "without fault" in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence may have led to a different result.

Vasques, 221 S.W.3d at 527. In determining whether the new information may have led to a different result, the question before the court is "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceeding might have been different.'" Id. (quoting State v. Roberto Vasques, No. M2004-00166-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 1100, at **36-37 (Nashville, Oct. 7, 2005)). "A court abuses its discretion when it applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly erroneous assessment of the evidence, or utilizes reasoning that results in an injustice to the complaining party." Wilson v. State, 367 S.W.3d 229, 235 (Tenn. 2012).

Turning to this case, the Petitioner claims that because Judge Baumgartner could have been impaired at the time of her trial, which occurred ten years before his guilty plea to official misconduct or the release of the TBI report, she is entitled to coram nobis relief. However, as the coram nobis court stated, the Petitioner has not raised a single specific allegation of inappropriate behavior by the trial court during her trial. Therefore, we conclude that the Petitioner has failed to establish that the application of the statute of limitations to bar her claim prevents her from having the claim heard in a meaningful time or in a meaningful manner and that the principles of due process do not require tolling the statute of limitations.

## III.  Conclusion

Based upon the record and the parties' briefs, we affirm the coram nobis court's summary dismissal of the petition.

_____
NORMA McGEE OGLE, JUDGE