# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 11, 2015

## LAQUAN NAPOLEON JOHNSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Putnam County**
**No. 11-0153    David A. Patterson, Judge**

_____

## No. M2014-00976-CCA-R3-ECN - Filed March 31, 2015

_____

Laquan Napoleon Johnson ("the Petitioner") appeals from the denial of his Petition for Writ of Error Coram Nobis ("the petition"). The coram nobis court interpreted the petition to allege an error coram nobis claim as well as a post-conviction claim. It summarily denied the error coram nobis claim and dismissed the post-conviction claim as time-barred.[1] After a review of the record and applicable law, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and TIMOTHY L. EASTER, J., joined.

Laquan Napoleon Johnson, *pro se*, Nashville, Tennessee, as the appellant.

Herbert H. Slatery, III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Randall A. York, District Attorney General; and Beth Willis, Assistant District Attorney General, for the appellee, State of Tennessee.

_____

[1] The record contains one order from the coram nobis court denying the Petitioner's claims. However, it appears from that order that the coram nobis court interpreted the petition to raise separate error coram nobis and post-conviction claims. Both claims are addressed in the Order Denying Petition for Writ of Error Coram Nobis.

**OPINION**

**I. Factual and Procedural Background**

On November 17, 2011, the Petitioner entered guilty pleas to one count of sale of cocaine over .5 grams and one count of sale of cocaine in violation of the drug-free school zone law. On March 27, 2012, the Petitioner was sentenced to an effective 12 years in the Tennessee Department of Correction. Judgments of conviction were entered on April 3, 2012. There is no indication in the record that the Petitioner filed any post-trial motions or an appeal.

On January 4, 2013, the District Attorney General sent a letter to the Petitioner in response to the Petitioner's Freedom of Information Request and Public Records Request. Attached to the letter was a CD containing the State's case file for the Petitioner's convictions. Based on the information contained in that case file, the Petitioner filed a *pro se* Petition for Writ of Error Coram Nobis on January 6, 2014, alleging newly discovered evidence in the context of Brady v. Maryland, 373 U.S. 83 (1963). In his rambling, 37-page petition, the Petitioner argued that the case file sent from the District Attorney General's office contained "newly discovered information and evidence" and that, had the Petitioner received this evidence prior to his guilty plea, he "may have" insisted on going to trial. Additionally, the Petitioner claimed that the State's failure to disclose the evidence in the file deprived him of effective assistance of counsel and rendered his guilty plea involuntary.[2] However, the Petitioner failed to specifically identify the newly discovered evidence. Instead, he simply made general references to the State's case file and attached what appears to be the entire case file to the petition.

In addition to the error coram nobis claim, the petition included arguments that trial counsel was ineffective. First, the Petitioner asserted that trial counsel was ineffective for failing to "properly investigate the facts, circumstances and the constitutional law that applies to Petitioner's case." Second, the Petitioner contended that trial counsel was ineffective for failing to file a motion to suppress "unconstitutional evidence derived from the ba[d] faith acts of the undercover officers of the State. . . ."[3]

---

[2] It is worth noting that the case file sent to the Petitioner contains a letter, dated June 27, 2011, that was sent from the State to the Petitioner's trial counsel in response to trial counsel's Motion for Discovery. In that letter, the State granted trial counsel an "open file" review, wherein trial counsel was permitted to schedule an appointment and inspect the contents of the State's file for the Petitioner's case.

[3] It is unclear from the record whether the Petitioner has previously filed a post-conviction petition to litigate these issues.

In its Amended Response to Petition for Writ of Error Coram Nobis, the State argued that the petition should be dismissed because the Petitioner did not specifically identify the newly discovered evidence that formed the basis of his coram nobis claim. Additionally, the State contended that the Petitioner should have filed his claim of ineffective assistance of counsel in a post-conviction petition and, because the post-conviction claim was filed more than one year from the date his sentence became final, it was time-barred.

The coram nobis court summarily denied the petition "based on the record as a whole and the fact that [the Petitioner's] petition lacked specificity about any newly discovered evidence." As to the Petitioner's claim of ineffective assistance of counsel, the coram nobis court interpreted the argument to raise a post-conviction claim and concluded that the claim was time-barred. This timely appeal followed.

## II. Analysis

On appeal, we interpret the Petitioner's brief to raise the following issues: (1) whether the coram nobis court abused its discretion when it summarily denied the petition; and (2) whether trial counsel was ineffective.[4] The State argues that it "specifically pled the defense of statute of limitations" in the lower court and, because the Petitioner did not argue that the one-year statute of limitations should be waived for due process reasons, his coram nobis claim is time-barred. In the alternative, the State contends that the coram nobis court did not abuse its discretion because the Petitioner failed to provide any newly discovered evidence that would have resulted in a different judgment.

*Error Coram Nobis Claim*

Tennessee Code Annotated section 40-26-105 provides relief in criminal cases by petition for error coram nobis and states in pertinent part:

> The relief obtainable by this proceeding shall be confined to error dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly

_____

[4] In his brief, the Petitioner lists the issues presented on appeal as (1) "the Petitioner received ineffective assistance of counsel;" (2) "abuse of discretion;" (3) "voluntariness of plea;" (4) "miscarriage of justice;" and (5) "prejudiced." However, based on the substance of his arguments we interpret the Petitioner's brief to raise the issues articulated above.

discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105(b) (2014). Even though the language of the statute uses the term "trial," our supreme court has held that the writ of error coram nobis is available to challenge a guilty plea. Wlodarz v. State, 361 S.W.3d 490, 504 (Tenn. 2012).

The writ of error coram nobis is "an *extraordinary* procedural remedy," providing relief in only a limited number of cases. State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999) (emphasis in original). "The purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting State ex rel. Carlson v. State, 407 S.W.2d 165, 167 (Tenn. 1966)). The decision of whether to grant or deny a petition for writ of error coram nobis on its merits rests within the sound discretion of the trial court. State v. Vasques, 221 S.W.3d 514, 527-28 (Tenn. 2007); Hart, 911 S.W.2d at 375. Before granting relief, the evidence must establish, and the coram nobis court must find, "that the subsequently or newly discovered evidence 'may have resulted in a different judgment had it been presented at the trial.'" Hart, 911 S.W.2d at 375 (quoting Tenn. Code Ann. § 40-26-105).

A petition for writ of error coram nobis should recite: "(a) the grounds and nature of the newly discovered evidence; (b) why the admissibility of the newly discovered evidence may have resulted in a different judgment if the evidence had been admitted at the previous trial; (c) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (d) the relief sought by the petitioner." Hart, 911 S.W.2d at 374-75 (internal citations and quotation marks omitted).

Petitions for writ of error coram nobis are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103 (2014); Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010). "The statute of limitations is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." Harris, 301 S.W.3d at 144 (citing Mixon, 983 S.W.2d at 670). Calculating the statute of limitations in this manner is consistent with the "longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." Mixon, 983 S.W.2d at 670; Harris, 301 S.W.3d at 144.

In certain circumstances, due process considerations may require tolling the statute of limitations. Workman v. State, 41 S.W.3d 100, 101 (Tenn. 2001). To determine whether

due process requires tolling, we must balance the State's interest in preventing "stale and groundless" claims against the petitioner's interest in having a hearing to present newly discovered evidence which may have led the jury to a different verdict if it had been presented at trial. Id. at 103. To balance these interests, courts should use a three-step analysis:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the ground for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995); see also Harris, 301 S.W.3d at 145. Whether a claim is time-barred is a question of law, which we review *de novo*. Harris, 301 S.W.3d at 144 (citing Brown v. Erachem Comilog, Inc., 231 S.W.3d 918, 921 (Tenn. 2007)).

The State bears the burden of raising the statute of limitations as an affirmative defense. Id. However, the State's failure to do so will not result in a waiver "if the opposing party is given fair notice of the defense and an opportunity to rebut it. . . ." Wilson v. State, 367 S.W.3d 229, 234 (Tenn. 2012) (quoting Sands, 903 S.W.2d at 299 (internal quotation marks omitted). For instance, when a petitioner raises the issue of statute of limitations and requests that it be tolled on due process grounds, the State does not waive the statute of limitations defense by failing to specifically plead it as an affirmative defense. Id.

In this case, the State incorrectly claims that it specifically pleaded the statute of limitations as an affirmative defense to the coram nobis claim in the court below. The State did affirmatively plead the statute of limitations as to the Petitioner's post-conviction claim, but it did not do so for the error coram nobis claim. Nevertheless, in the petition, the Petitioner contended that due process should toll the statute of limitations. However, even though the Petitioner requested due process tolling, he made no argument in the petition or in his brief in support of that request. Therefore, in light of the Petitioner's request for due process tolling, the statute of limitations defense is not waived. See Wilson, 367 S.W.3d at 234.

The Petitioner argues that his petition was timely filed because it was filed "within one year of the newly discovered information and evidence." However, the Petitioner incorrectly calculates the statute of limitations. The statute of limitations is computed from the date the judgement of the trial court becomes final, not the date the Petitioner received the newly discovered evidence. See Harris, 301 S.W.3d at 144. The judgment of conviction

was entered on April 3, 2012, and there is no indication in the record that the Petitioner filed any post-trial motions or an appeal. The petition was not filed until January 6, 2014, almost two years after the judgment of the trial court became final. As such, it was untimely filed. In the alternative, the Petitioner claims that due process should toll the statute of limitations, but he provides no argument to support that claim. Because the petition was untimely filed and the Petitioner makes no argument as to why due process should toll the statute of limitations, the petition is time-barred.

Statute of limitations defense notwithstanding, we will address the merits of the Petitioner's error coram nobis claim. The Petitioner claimed that he received "newly discovered information and evidence" in the case file from the District Attorney General's office. However, he failed to specifically identify the newly discovered evidence in his petition. Instead, he simply referenced the case file as a whole. The file contains the Petitioner's indictment; Tennessee Bureau of Investigation Official Forensic Chemistry Reports; the Plea of Guilty and Waivers of Jury Trial and of Appeal; the order directing the Petitioner to appear for sentencing, along with unsigned transportation orders; the presentence report; judgment sheets for the instant convictions, as well as convictions from 2003; notes and a "narcotics investigation log of events" from the Putnam County Sheriff's Department; correspondence from the District Attorney General's Office to the detective in charge of the investigation notifying him of the grand jury hearing; a "Criminal Case Cover Sheet;" the Petitioner's *pro se* Demand for Speedy Trial; the Incident Reports for the charged offenses; trial counsel's discovery request; the State's letter to trial counsel granting him an "open file" review; and a fax sent to trial counsel dated November 7, 2011, stating that the State would not offer the Petitioner a plea. The petition did not identify which of these documents was newly discovered. Therefore, it did not recite "the grounds and nature of the newly discovered evidence," see Hart, 911 S.W.2d at 374-75, and the coram nobis court had no way to determine what parts of the case file constituted "newly discovered evidence." Consequently, we hold that the coram nobis court did not abuse its discretion when it denied the petition for lack of specificity.

*Ineffective Assistance of Counsel Claim*

In his brief, the Petitioner argues that trial counsel was ineffective for "failing to properly investigate prior to advising [the Petitioner] to enter into a guilty plea" and "counsel was ineffective for failing to properly and adequately litigate [the Petitioner's] [c]onstitutional [c]laims and [c]hallenges in violation of the [F]ifth, [S]ixth, and [F]ourteenth [A]mendment rights to the U.S. Constitution and the corresponding articles and sections of the Tennessee Constitution."

We first note that ineffective assistance of counsel is not an appropriate ground for relief pursuant to a writ of error coram nobis. Omowali Ashanti Shabazz v. State, No. E2010-01639-CCA-R3-PC, 2011 WL 2749536, at *7 (Tenn. Crim. App. July 15, 2011), perm. app. denied, (Tenn. Oct. 18, 2011); Arthur L. Armstrong v. State, No. M2005-01325-CCA-R3-CD, 2006 WL 1626726, at *10 (Tenn. Crim. App. June 8, 2006); Domingo Ponce v. State, No. M2004-02257-CCA-R3-CO, 2005 WL 1303125, at *3 (Tenn. Crim. App. May 31, 2005). Even if the Petitioner's claims are interpreted as claims for post-conviction relief, the trial court properly found that the post-conviction statute of limitations had expired in this case. See Tenn. Code Ann. § 40-30-102(a) (2014) (imposing a one-year statute of limitations for petitions for post-conviction relief). The Petitioner had until May 3, 2013, one year from the date his conviction became final, to file a petition for post-conviction relief. The petition was not filed until January 6, 2014. Therefore, it is untimely filed. Moreover, the Petitioner has not alleged any grounds that would require that the statute of limitations be tolled for his claims. According, insofar as the Petitioner's pleading may be considered a petition for post-conviction relief, it was properly dismissed without a hearing.

## III. Conclusion

For the foregoing reasons, we affirm the judgment of the coram nobis court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

-7-