# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 24, 2014 Session

## LINDA DENNIS, ET AL. v. DR. ROBERT G. SMITH, ET AL.

### Appeal from the Circuit Court for Knox County
### No. 3-131-12    Deborah C. Stevens, Judge

### No. E2014-00636-COA-R3-CV-MARCH 31, 2015

Linda Dennis and Creed Dennis ("Plaintiffs") filed a healthcare liability action against Dr. Robert G. Smith ("Defendant") and others. Defendant filed a motion to dismiss. After a hearing, the Circuit Court for Knox County ("the Trial Court") dismissed Plaintiffs' claims after finding and holding, *inter alia*, that Plaintiffs had failed to comply with Tenn. Code Ann. §§ 29-26-121 and 29-26-122. Plaintiffs appeal the dismissal of their claims to this Court. We find and hold that because Plaintiffs failed to comply with Tenn. Code Ann. § 29-26-122, their action was subject to dismissal with prejudice upon motion. We, therefore, affirm the Trial Court's dismissal of Plaintiffs' claims.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
### Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and JOHN W. MCCLARTY, J., joined.

Joyce W. Cooper, Michelle Owens, and Lynn Agee, Nashville, Tennessee, for the appellants Linda Dennis and Creed Dennis.

Hanson R. Tipton, and Courtney Epps Read, Knoxville, Tennessee, for the appellee, Dr. Robert G. Smith.

## OPINION

## Background

Plaintiffs filed a health care liability action against Defendant and Parkwest Medical Center[1] on March 16, 2012. Defendant answered the complaint and filed a motion to dismiss alleging, among other things, that Plaintiffs had failed to comply with Tenn. Code Ann. §§ 29-26-121 and 29-26-122. Specifically, Defendant alleged that Plaintiffs had failed to comply with Tenn. Code Ann. § 29-26-121 because they failed to attach a HIPAA compliant medical authorization form to the notice letter, failed to attach a list of all health care providers to whom notice was given, and failed to list the address of the claimant authorizing the notice. Defendant further alleged that Plaintiffs had failed to comply with Tenn. Code Ann. § 29-26-122 because they failed to file a certificate of good faith executed by Plaintiffs or Plaintiffs' counsel and failed to disclose the number of prior violations pursuant to Tenn. Code Ann. § 29-26-122(d)(4).

Plaintiffs responded to Defendant's motion to dismiss by filing a motion for summary judgment asserting, in pertinent part, that Plaintiffs had provided a HIPAA compliant authorization form with the notice and a list of all defendants receiving notice, that the address of the claimant is required only if the notice is being sent by someone other than the patient, that Plaintiffs filed with their complaint a statement of their expert that exceeded the requirements of Tenn. Code Ann. § 29-26-122, and that neither Plaintiffs nor their counsel have any prior violations "so there is nothing to disclose anyway."

After a hearing the Trial Court entered its order on March 12, 2014 dismissing Plaintiffs' claims with prejudice after finding and holding, *inter alia*, (1) that Plaintiffs had failed to comply with Tenn. Code Ann. § 29-26-121(b) and had failed to show extraordinary cause to excuse the lack of compliance, and (2) that Plaintiffs had failed to comply with Tenn. Code Ann. § 29-26-122(a)(1) and § 29-26-122(d)(4) and failed to show extraordinary cause to excuse the lack of compliance. Plaintiffs appeal the dismissal of their suit to this Court.

## Discussion

Although not stated exactly as such, Plaintiffs raise two issues on appeal: 1) whether the Trial Court erred in dismissing Plaintiffs' claims based upon Plaintiffs' failure

---

[1]Plaintiffs filed a notice of nonsuit as to Parkwest Medical Center, and the Trial Court entered an order dismissing Parkwest Medical Center from the suit on September 24, 2013. Parkwest Medical Center is not involved in this appeal.

to comply with Tenn. Code Ann. § 29-26-122, and 2) whether the Trial Court erred in dismissing Plaintiffs' claims based upon Plaintiffs' failure to comply with Tenn. Code Ann. § 29-26-121.

As our determination regarding whether the Trial Court erred in dismissing Plaintiffs' claims with prejudice based upon Plaintiffs' failure to comply with Tenn. Code Ann. § 29-26-122 is dispositive of the case, we will address this issue first. As our Supreme Court has instructed:

The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance. If the defendant prevails and the complaint is dismissed, the plaintiff is entitled to an appeal of right under Tennessee Rule of Appellate Procedure 3 using the standards of review in Tennessee Rule of Appellate Procedure 13. If the plaintiff prevails, the defendant may pursue an interlocutory appeal under either Tennessee Rule of Appellate Procedure 9 or 10 using the same standards.

Because the trial court's denial of the Defendants' motion involves a question of law, our review is de novo with no presumption of correctness. *Graham v. Caples*, 325 S.W.3d 578, 581 (Tenn. 2010). The question of whether [a plaintiff] has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings. *Starr v. Hill*, 353 S.W.3d 478, 481-82 (Tenn. 2011). We review the trial court's decision to excuse compliance under an abuse of discretion standard. "A court abuses its discretion when it applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly

erroneous assessment of the evidence, or utilizes reasoning that results in an injustice to the complaining party." *Wilson v. State*, 367 S.W.3d 229, 235 (Tenn. 2012)(*citing Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011)). We examine the legal sufficiency of the complaint and do not consider the strength of the plaintiff's evidence; thus, all factual allegations in the complaint are accepted as true and construed in flavor [sic] of the plaintiff. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011).

*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307-08 (Tenn. 2012).

Defendant filed a motion to dismiss alleging, as pertinent, that Plaintiffs failed to file a certificate of good faith in compliance with Tenn. Code Ann. §§ 29-26-122(a) and 29-26-122(d)(4). In pertinent part, Tenn. Code Ann. § 29-26-122(a) provides:

(a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

* * *

(2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they: . . . .

Tenn. Code Ann. § 29-26-122(a) (2012). Tennessee Code Ann. § 29-26-122(c) provides, in pertinent part:

(c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. . . .

-4-

Tenn. Code Ann. § 29-26-122(c) (2012).  As pertinent, Tenn. Code Ann. § 29-26-122(d) provides:

> (4) A certificate of good faith shall disclose the number of prior violations of this section by the executing party.

Tenn. Code Ann. § 29-26-122(d)(4) (2012).

Plaintiffs concede in their brief on appeal that instead of filing a certificate of good faith in compliance with the statute, Plaintiffs filed a statement signed by their expert. Plaintiffs argue that because they filed something from their expert rather than a certificate of good faith of the plaintiffs or plaintiffs' counsel, that they 'over-complied' by providing more information than the statute requires and, because of this, their lack of compliance with the mandatory language in the statute should be excused.

There is no question, however, that Plaintiffs failed to provide a certificate of good faith that complied with the statute and that disclosed the number of prior violations by the person executing the certificate of good faith.  Our Supreme Court has instructed:

> Sections 29-26-121 and 122 respectively mandate that pre-suit notice be given and that a certificate of good faith be filed.  Because these requirements are mandatory, they are not subject to satisfaction by substantial compliance. Substantial compliance is sufficient only when the statute's requirements are directory, not mandatory.
>
> * * *
>
> The requirements of these statutes are precisely stated.  The statutes provide clear guidance and detailed instruction for meeting those requirements, and it is not our prerogative to rewrite the statutes.

*Myers*, 382 S.W.3d at 310 (citations omitted).  Thus, our Supreme Court has ruled that filing a certificate of good faith is mandatory.

As Plaintiffs failed to file a certificate of good faith, the fact that they filed something else that provided other, or more, information is immaterial.  Furthermore, as this Court held in *Vaughn v. Mountain States Health Alliance*, disclosure of the number of prior violations by the person executing the certificate of good faith pursuant to Tenn. Code Ann. § 29-26-122(d)(4) also is mandatory and failure to make this disclosure "make[s] the action subject to dismissal with prejudice. . .," pursuant to Tenn. Code Ann. § 29-26-122(c).

*Vaughn v. Mountain States Health Alliance*, No. E2012-01042-COA-R3-CV, 2013 Tenn. App. LEXIS 159, at **21-22 (Tenn. Ct. App. March 5, 2013), *Rule 11 appl. perm. appeal denied May 15, 2014*. What Plaintiffs in essence are asking this Court to do is overrule our Supreme Court, something we cannot and will not attempt to do.

Plaintiffs' failure to comply with Tenn. Code Ann. § 29-26-122 made their action subject to dismissal with prejudice upon motion. We, therefore, find no error in the Trial Court's dismissal of Plaintiffs' claims with prejudice. Our determination with regard to this issue renders moot the necessity of considering whether the Trial Court erred in also dismissing Plaintiffs' claims for failure to comply with Tenn. Code Ann. § 29-26-121.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants Linda Dennis and Creed Dennis, and their surety.

_____
D. MICHAEL SWINEY, JUDGE