IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 16, 2016 at Knoxville

## CAMERON BROWN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sumner County
Nos. 742-2007, 847-2007, 415-2008, 417-2008, 418-2008, 19-2011
Dee David Gay, Judge**

---

**No. M2015-01434-CCA-R3-ECN – Filed September 30, 2016**

---

The petitioner, Cameron Brown, appeals from the Sumner County Criminal Court order granting in part and denying in part his petition for writ of error coram nobis, which petition attacked his 2008 guilty-pleaded convictions of four counts of theft of property valued at $1,000 or more but less than $10,000; one count of forgery; passing a worthless check in an amount more than $500; and failure to appear as well as his 2011 guilty-pleaded conviction of escape. Because the writ of error coram nobis is not available to collaterally attack guilty-pleaded convictions, the judgment of the coram nobis court granting the petition for writ of error coram nobis and vacating the petitioner's conviction of forgery is reversed, and the case is remanded for reinstatement of that conviction and the accompanying four-year sentence. The judgment of the coram nobis court denying the remaining claims for coram nobis relief is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed in Part; Reversed and Remanded in Part**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Cameron Brown, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Ray Whitley, District Attorney General; and Eric Mauldin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 22, 2008, the petitioner pleaded guilty in case number 742-2007 to one count of theft of property valued at $1,000 or more but less than $10,000 in exchange for a sentence of four years to be served on probation. On that same day, he pleaded guilty in case number 847-2007 to three counts of theft of property valued at $1,000 or more but less than $10,000 and one count of forgery of an instrument equal to $1,000 or more but less than $10,000 in exchange for a four-year effective sentence to be served as nine months' incarceration followed by probation. The four-year sentence imposed in case number 847-2007 was to be served consecutively to the four-year sentence imposed in case number 742-2007. The total effective sentence imposed in the May 22, 2008 proceeding was, therefore, eight years' probation, with nine months to serve.

On September 18, 2008, the petitioner pleaded guilty in case number 415-2008 to one count of failure to appear in exchange for a probationary sentence of 11 months and 29 days, to be served "concurrently with all other cases." On that same date, the petitioner pleaded guilty in case number 417-2008 to one count of passing a worthless check valued at more than $500 in exchange for a one-year sentence of probation to be served consecutively to the sentences imposed in case numbers 742-2007 and 847-2007. Also on that same date, the petitioner pleaded guilty in case number 418-2008 to one count of failure to appear in exchange for a probationary sentence of 11 months and 29 days to be served "concurrently with all other cases." The September 18, 2008 proceeding, therefore, yielded a total effective sentence of one year of probation to be served consecutively to the previously-imposed eight-year probationary term.

On March 31, 2011, the petitioner pleaded guilty in case number 19-2011 to one count of escape in exchange for a four-year sentence to be served consecutively to the sentences imposed in case numbers 742-2007, 847-2007, 415-2008, 417-2008, and 418-2008. The court also ordered the petitioner to serve the escape conviction "in Drug Court" and noted in the judgment for that conviction that the sentence would be "suspended to time served as of date [the petitioner] enters substance abuse treatment."

Although no record of the revocation appears in the record on appeal, at some point, all forms of alternative sentencing were revoked, and the petitioner was ordered to serve the total, effective 13-year sentence in prison.

On February 11, 2015, the petitioner filed a petition for writ of error coram nobis, alleging that he became aware in November 2014 that his former receptionist, Samantha Nicole Amons, had admitted forging the check that was the subject of his conviction of forgery in count three of case number 847-2007; that he had agreed to an eight-year sentence in 2008 but had instead been given a nine-year sentence; that his

attorney had failed to explain the charges against him and the ramifications of the plea agreement; that he had been given no access to a law library before entering his guilty pleas in 2008; that he had not committed the crime of escape when he walked away from the Buffalo Valley treatment facility because the facility had no "security measures in place"; that he pleaded guilty to escape only because he was held without bond until he agreed to plead guilty; and that "until taken into [Tennessee Department of Correction] custody" he had no knowledge of the "complete impact of [the] pleas and no clear understanding of the consequences." The petitioner insisted that he would not have pleaded guilty to the forgery charge had he known that that crime "was already confessed to by another party" and that he would not have pleaded guilty to escape had he known that the more accurate charge was "breach of trust." He also claimed that he would not have pleaded guilty in exchange for a nine-year sentence and would not have pleaded guilty at all had he known that "years could have been added at will of prosecution." Finally, the petitioner insisted that "no one attempted to make [him] understand [the] sentences, or crime, until Oct[ober] 2014." He acknowledged that "[t]he only charge that might have led to conviction was worthless check," apparently a reference to his conviction in case number 417-2008 for writing a worthless check to his bail bondsman. The petitioner asked for a "full dismissal" of the convictions in case numbers 742-2007, 847-2007, and 417-2008. He said that he would "plea[d] guilty to worthless check with time served." In the alternative, he asked that his pleas be vacated and all offenses set for trial "with a recognizance bond." The petitioner said that "the reality of prison is violent, cold, and horrible" and that he had "no business here because of overblown, misrepresented issues." The petitioner threatened that if he was "not awarded Cor[a]m Nobis" he would "proceed in federal court."

On March 30, 2015, the court conducted a hearing on the petition for writ of error coram nobis. At the hearing, the pro se petitioner asked that his "pleas be vacated" because he had "suffered enough." When the court informed the petitioner that his suffering "doesn't have anything to do with a writ of error coram nobis," the petitioner changed tack and alleged that he was deprived of the effective assistance of counsel in the 2008 plea proceedings. The petitioner insisted that he only pleaded guilty because he had been incarcerated for "seven or eight months" and because trial counsel promised that if he accepted the plea agreement he would be able to "go home."

The court informed the petitioner that it could not "get into" the petitioner's ineffective assistance of counsel claim in a coram nobis proceeding. The court asked the petitioner whether any newly discovered evidence would entitle him to coram nobis relief, and the petitioner responded that he "was made aware in October [2014] when [he] was first shipped to TDOC that Samantha Amons had confessed to the forgery charge." The court pointed out that the information about Ms. Amons had been available "all along" and that the petitioner had not been "convicted of being the principal" on the

forgery charge. The petitioner insisted that he would not have pleaded guilty to the charge had he known the information about Ms. Amons. The petitioner added that he also had information that would have affected one of his theft convictions, but he did not include that information in his petition for writ of error coram nobis.

The court observed that the petition for writ of error coram nobis had been filed outside the one-year statute of limitations and asked the petitioner why the statute of limitations should be tolled in this case. The petitioner gave no response to the court's question.

After more back and forth, the court stated:

Okay. Let me do this. I'm going to give you the benefit of the error. I'm going to set [the forgery] count aside under the writ of error coram nobis, but I'm not going to grant any relief under the writ of error coram nobis because it's not going to make any difference.

The court then went on to make the following findings:

Number one, that it was filed after the statute of limitations has run.

I find, number two, it does not comply with the particular statute requirements of specificity and an affidavit. However, I will go ahead and hear the writ of error coram nobis.

I find that the defendant alleges that there was newly discovered evidence in case No. 847-2007, Count [Three].

I grant his motion to set aside the conviction on Count [Three].

. . . .

I grant the motion to set aside the sentence due to the defendant's statement of Count Three. However, I find that that makes absolutely no difference to the terms of the sentence because there were two other counts. Counts One, Two, and Five, where the defendant got four years.

Therefore, I will grant the motion to the extent that Count [Three] will be set aside.

. . . .

. . . . Count Three will be set aside; however, I find that has no effect on the final, total sentence of 13 years in the state penitentiary.

So it's granted in part and denied in part. It's denied because it makes no difference whatsoever on the overall sentence.

In this appeal, the petitioner challenges the ruling of the trial court denying coram nobis relief. He claims that the statute of limitations was tolled because the coram nobis court "saw fit to toll the time statute and hold an evidentiary hearing" and because he "was alerted to many blatant issues with his case and sentence by . . . his classifying officer at Bledsoe correctional." The petitioner also alleges, for the first time, that the State violated *Brady v. Maryland* and engaged in prosecutorial misconduct by withholding information about Ms. Amons' "confession." He also claims, for the first time, that the trial court abused its discretion when imposing the 13-year effective sentence. The petitioner asks "to be let out of prison" and to "have the record corrected concerning erroneous felony convictions." The State contends that the coram norbis court erred by granting any form of coram nobis relief and asks that this court reinstate the petitioner's conviction of forgery and the accompanying four-year sentence.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Coram nobis relief is provided for in criminal cases by statute:

The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated

-5-

at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b) (2006); *see State v. Vasques*, 221 S.W.3d 514, 525-28 (Tenn. 2007) (describing standard of review as "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different'" (citation omitted)). The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories but may be based upon any "newly discovered evidence relating to matters which were litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. T.C.A. § 40-36-105(b).

"The writ of error [coram nobis] may be had within one (1) year after the judgment becomes final by petition presented to the judge at chambers or in open court . . . . ." T.C.A. § 27-7-103; *Mixon*, 983 S.W.2d at 670. In coram nobis cases, however, the statute of limitations is an affirmative defense that should be raised by the State in the trial court. *See Harris v. State*, 102 S.W.3d 587, 593 (Tenn. 2003) (citing *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995)).

Although the decision to grant or deny coram nobis relief rests within the sound discretion of the trial court, *see Vasques*, 221 S.W.3d at 527-28, "[w]hether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness," *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010).

### I. Availability of the Writ of Error Coram Nobis

As an initial matter, we observe that our supreme court has recently concluded that coram nobis relief is not available to guilty-pleading petitioners.

In 2012, our supreme court held that the writ of error coram nobis could be utilized to collaterally attack a guilty-pleaded conviction. *Wlodarz*, 361 S.W.3d at 503-04. The petitioner filed his petition in February 2015.

Recently, however, in *Clark D. Frazier v. State*, our supreme court revisited the issue of the availability of the writ of error coram nobis to guilty-pleading petitioners and concluded "that the statute setting forth the remedy of error coram nobis in criminal matters does not encompass its application to guilty pleas." *Clark D. Frazier v. State*, No. M2014-02374-SC-R11-ECN, slip op. at 1 (Tenn. July 7, 2016). The court declared *Wlodarz* "wrongly decided" and overruled it, taking issue with nearly every facet of the

prior ruling. *Id.*, slip op. at 2-9. Importantly, the court held, contrary to the *Wlodarz* majority, "that a guilty plea hearing does not constitute a trial for the purposes of the error coram nobis statute." *Id.*, slip op. at 7. Based on the ruling in *Charles D. Frazier*, we conclude that the writ of error coram nobis is not available to attack the guilty-pleaded convictions in this case.

Because *Charles D. Frazier* was filed after briefing was complete in this case, we will address the claims presented by the parties despite our conclusion that the writ of error coram nobis is not available in this case.

## II. *Statute of Limitations*

In addition to our conclusion that the writ of error coram nobis is not available to attack the petitioner's guilty-pleaded convictions, we conclude that the petition for writ of error coram nobis in this case was time barred and that due process principles do not require the tolling of the statute of limitations.

The State did not assert the statute of limitations as an affirmative defense in the coram nobis court, which would ordinarily result in a waiver. *See Harris*, 102 S.W.3d at 593 ("Although coram nobis claims also are governed by a one-year statute of limitations, the State bears the burden of raising the bar of the statute of limitations as an affirmative defense." (footnote omitted)). The record does not indicate, however, that the State was served with a copy of the petition prior to the hearing in this case. A Certificate of Service form document, signed by the petitioner, is appended to the petition for writ of error coram nobis, but the spaces in the form document remain blank. The hearing on the petition occurred on March 30, 2015, only six weeks after the petition was filed in the Sumner County Criminal Court. At the hearing, the coram nobis court addressed the application of the statute of limitations and allowed the petitioner an opportunity to offer evidence to support a due process tolling of the limitations period. Under these circumstances, it is our view that the State's failure to raise the statute of limitations would not operate as a waiver in this case. *See Wilson v. State*, 367 S.W.3d 229, 234 (Tenn. 2012) (stating that "[f]ailure to raise the statute as an affirmative defense does not result in waiver 'if the opposing party is given fair notice of the defense and an opportunity to rebut it'" (citation omitted)).

In support of due process tolling, the petitioner offered only his own unsworn claim that he had not discovered the information about Ms. Amons until he was incarcerated in October 2014. The coram nobis court observed that the information regarding Ms. Amons's participation in the offense had been available to the petitioner "all along" and that the petitioner had been charged under a theory of criminal responsibility for Ms. Amons's actions. The coram nobis court did not find that due

-7-

process concerns required the tolling of the statute of limitations but decided to "go ahead and hear the writ of error coram nobis" anyway.

In our view, the petitioner failed to establish via credible sworn evidence that principles of due process require the tolling of the statute of limitations in this case. In consequence, we conclude that the petition was barred by the statute of limitations.

### III. *Propriety of Grant of Coram Nobis Relief*

Once the court concluded that the petition was untimely, it was without jurisdiction to hear the petitioner's claims and should have dismissed the petition at that point. Instead, the court allowed the petitioner to proceed. The petitioner put on no proof to substantiate any of his claims. Despite this failure, the coram nobis court elected to vacate the petitioner's conviction of forgery and the accompanying four-year sentence, noting, however, that its ruling did not affect the effective 13-year sentence.

The coram nobis court's grant of coram nobis relief despite the petitioner's failure to present even an iota of evidence to support his claims was a clear abuse of that court's discretion. *See State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (stating that "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party").

### *Conclusion*

Because the writ of error coram nobis "is not available as a procedural mechanism for collaterally attacking a guilty plea," *see Charles D. Frazier*, slip op. at 9; because the petition is barred by the statute of limitations; and because the coram nobis court abused its discretion by granting the petitioner any form of relief in this case, we reverse the judgment of the coram nobis court setting aside the petitioner's conviction of forgery. We affirm the judgment of the coram nobis court denying any other coram nobis relief. The case is remanded for the reinstatement of the petitioner's forgery conviction and its accompanying four-year sentence in count three of case number 847-2007.

_____
JAMES CURWOOD WITT, JR., JUDGE