**STATE of Tennessee, Appellant,**

v.

**Maxie HUNTER, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 25, 1988.

Permission to Appeal Denied by Supreme Court Jan. 30, 1989.

W.J. Michael Cody, Atty. Gen., Charles E. Bush, Asst. Atty. Gen., Nashville, Lawrence Ray Whitley, Dist. Atty. Gen., Dee Gay, Asst. Dist. Atty. Gen., Gallatin, for appellant.

Thomas D. Steele, Nashville, for appellee.

## OPINION

SCOTT, Judge.

The state sought and was granted an extraordinary appeal pursuant to Rule 10(a)(2), T.R.A.P. The question presented is whether the trial court erred by denying the state's motion to compel preparation of a transcript at state expense.

The appellee was charged in a two count indictment with driving under the influence of an intoxicant and driving without a driver's license. The appellee's counsel moved to dismiss the indictment because it was based upon a warrantless arrest for a misdemeanor committed outside the presence of the officer. The trial judge granted the motion and dismissed the indictment. The state then filed its notice of appeal.

In a separate motion filed at the same time the notice of appeal was filed, the state asked the court to order the preparation of a transcript of the proceedings in order to have a record for the appeal to this Court. The proceedings had been recorded by Vickie Trull, a court reporter retained by the appellee. The defense counsel instructed her not to prepare a transcript because he hired her for these proceedings, and informed the state that he will not allow her to prepare a transcript at state expense, because any transcript would be part of his "work product." The trial judge agreed with defense counsel and overruled the motion to have the transcript prepared at state expense. The state sought consideration of that denial by this Court via Rule 9, T.R.A.P., and the trial judge denied review. The state then sought and was granted review under Rule 10, T.R.A.P. In so doing, the state contended that the trial judge had "so far departed from the accepted and usual course of judicial proceedings as to require immediate review." Rule 10(a)(1), T.R.A.P. This Court granted the application, not for the reason advanced by the state, but because review is "necessary for complete determination of the action on appeal." Rule 10(a)(2), T.R.A.P.

**770**

The state relies on two cases. In *Waller v. Skeleton,* 31 Tenn.App. 103, 212 S.W.2d 690, 694 (1948), the Court of Appeals, citing prior cases from our Supreme Court and the Court of Appeals, held that the "bill of exceptions," now known as the "transcript of the evidence", "saved by plaintiff is available to both parties." Speaking of the transcript the court stated "(t)hat record does not belong to either party, but is equally available to both."

In *State v. Watts,* 670 S.W.2d 246, 249 (Tenn.Crim.App.1984), this Court held that the payment to the court reporter for the preparation of the record is a fee payable to the reporter for his or her services in preparing the record for filing in the appellate court. The payment to the court reporter is not a purchase of the document itself. Rather, it is a payment for the preparation of a document which will become a part of the record of that case and a public record of the appellate court.

The "work product" of an attorney consists of the internal reports, documents, memoranda, etc. prepared or collected by the attorney or his representatives in preparation for trial. Rule 16(b)(2), Tenn.R. Crim.P. "Work product" is a concept rooted in the rules concerning discovery. It is not one of constitutional dimension and can be abrogated by statute. *State v. Doe,* 588 S.W.2d 549, 552 (Tenn.1979). Certainly the transcript of a public trial or other hearing in open court prepared by a court reporter cannot, by any stretch of the imagination, be considered the attorney's "work product."

The judgment of the trial court overruling the motion for a transcript at state expense is reversed and this cause is remanded to the trial court with directions that the transcript be prepared by the court reporter at the expense of the state.

DAUGHTREY and BIRCH, JJ., concur.