IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 16, 2012 Session

## CYRUS DEVILLE WILSON v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 93-A-176      Seth Norman, Judge**

_____

**No. M2009-02241-SC-R11-CO - Filed April 20, 2012**

_____

The primary issue presented in this appeal is whether a notation in the prosecutor's file written by an assistant prosecutor expressing her opinion as to the lack of credibility of two of the State's witnesses is newly discovered evidence on which the defendant may base a petition for writ of error coram nobis. Over fifteen years after the defendant's conviction for first degree murder became final, he filed a petition for writ of error coram nobis alleging that he had recently discovered a note written by the assistant prosecutor before his murder trial in which she expressed her opinion that it was a "good case but for most of Ws are juveniles who have already lied repeatedly." The petition alleged that the note was exculpatory, newly discovered evidence and that the State's failure to produce it before trial affected the outcome of the trial and undermined the reliability of the verdict. The trial court tolled the one-year statute of limitations on due process grounds, but summarily dismissed the petition. On appeal, the Court of Criminal Appeals reversed the trial court's dismissal of the defendant's petition, concluding that the State had waived the statute of limitations defense by failing to raise it as an affirmative defense, and remanded the case for an evidentiary hearing. We hold that the State did not waive the statute of limitations defense and that the trial court did not err in tolling the statute of limitations. We further hold that the handwritten note expressing the assistant prosecutor's opinion as to the witnesses' credibility was attorney work product. As such, it was neither discoverable nor admissible. Accordingly, the note was not newly discovered evidence on which a petition for writ of error coram nobis could be based. The judgment of the Court of Criminal Appeals is reversed, and the judgment of the trial court dismissing the petition is reinstated.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed**

SHARON G. LEE, J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., JANICE M. HOLDER, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Mark A. Fulks, Senior Counsel, Nashville, Tennessee for the appellant, State of Tennessee.

Patrick Timothy McNally, Nashville, Tennessee, for the appellee, Cyrus Deville Wilson.

**OPINION**

On February 1, 1994, a jury found the petitioner, Cyrus Deville Wilson, guilty of first degree murder. The trial court sentenced him to life in prison. Petitioner's conviction and sentence were affirmed on appeal. State v. Wilson, No. 01C01-9408-CR-00266, 1995 WL 676398 (Tenn. Crim. App. Nov. 15, 1995), perm. app. denied (Tenn. Mar. 25, 1996). In 1996, he filed a petition for post-conviction relief alleging ineffective assistance of counsel and due process violations. After an evidentiary hearing, the trial court dismissed the petition but failed to state its findings of fact and conclusions of law as required by Tennessee Code Annotated section 40-30-211(b) (Supp. 1996).[1] For this reason, the Court of Criminal Appeals vacated the trial court's decision and remanded the case to the trial court. Wilson v. State, No. 01C01-9811-CR-00448, 1999 WL 994054 (Tenn. Crim. App. Oct. 29, 1999). Following remand and another evidentiary hearing, the trial court denied the petition, and the Court of Criminal Appeals affirmed. Wilson v. State, No. M2000-01237-CCA-R3-PC, 2001 WL 504910 (Tenn. Crim. App. May 14, 2001), perm. app. denied (Tenn. Sept. 17, 2001).

On August 25, 2009, Petitioner filed a petition for writ of error coram nobis alleging that on August 26, 2008, he obtained a copy of the prosecutor's file in his case that included a "RESUME OF FACTS" handwritten by an assistant district attorney. This document, prepared on December 28, 1992, included the following notation by the assistant district attorney: "good case but for most of Ws are juveniles who have already lied repeatedly." The note refers to Marquis Harris and Rodriguez Lee, both juveniles, who were the only eyewitnesses to the murder. Both eyewitnesses testified that they saw Petitioner shoot the victim in the face with a shotgun while the victim, who was stuck under a fence, was begging for his life. The petition contended that the assistant district attorney's knowledge that these witnesses had repeatedly lied in the past constituted exculpatory information which should

---

[1] Tennessee Code Annotated section 40-30-211(b), now section 40-30-111(b), provided that "[u]pon the final disposition of every petition, the court shall enter a final order, and except where proceedings for delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each such ground." Tenn. Code Ann. § 40-30-211(b) (Supp. 1996).

-2-

have been disclosed to the Petitioner before the murder trial. According to the petition, the State's failure to produce this information affected the outcome of the trial, undermined the reliability of the jury's verdict, and warrants a new trial. The petition requested a waiver of the one-year statute of limitations for filing the petition[2] because Petitioner's trial counsel did not have access to the prosecutor's file during the trial or post-trial proceedings.

The trial court tolled the one-year statute of limitations on due process grounds but dismissed the petition without an evidentiary hearing. The trial court ruled that the assistant district attorney's note constituted work product that was not subject to disclosure. The Court of Criminal Appeals, concluding that the State had waived the statute of limitations as a defense because it did not raise the issue in the trial court, reversed and remanded for an evidentiary hearing on the merits of the petition. Wilson v. State, No. M2009-02241-CCA-R3-CO, 2011 WL 1344519, at *2, *3 (Tenn. Crim. App. Apr. 6, 2011). We granted the State's application for permission to appeal.

As a preliminary matter, the State argues that the petition was not timely filed and that the trial court erred in tolling the statute of limitations. Petitioner argues that the State waived the statute of limitations defense by not raising it in the trial court and that the trial court properly tolled the statute of limitations.

A petition for writ of error coram nobis must be presented to the court within one year after the judgment becomes final. Tenn. Code Ann. § 27-7-103 (2010); State v. Ratliff, 71 S.W.3d 291, 295 (Tenn. Crim. App. 2001); see also Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010) ("The [coram nobis] statute of limitations is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." (citing State v. Mixon, 983 S.W.2d 661, 670 (Tenn. 1999) ("[W]e reject the contention . . . that the statute does not begin to run until the conclusion of the appeal as of right proceedings.")). The trial court entered its judgment of conviction against Petitioner on February 4, 1994.[3] The judgment of conviction became final thirty days later on March

---

[2] "The writ of error coram nobis may be had within one (1) year after the judgment becomes final by petition presented to the judge at chambers or in open court, who may order it to operate as a supersedeas or not." Tenn. Code Ann. § 27-7-103 (2000).

[3] The record does not show that a motion for new trial or other post-trial motion was filed. However, assuming that any such motions were filed, the date of their disposition would not affect the timeliness of the petition for writ of error coram nobis.

7, 1994.[4] Petitioner filed his petition for writ of error coram nobis over fifteen years later on August 25, 2009. See Wilson, 2011 WL 1344519 at *1. The petition asserted that the statute of limitations should be tolled on due process grounds. The trial court ruled on the petition thirty-five days after it was filed and before the State filed an answer.

Although the State bears the burden of raising the statute of limitations as an affirmative defense, Harris, 301 S.W.3d at 144, its failure to do so does not necessarily result in a waiver. Failure to raise the statute as an affirmative defense does not result in waiver "if the opposing party is given fair notice of the defense and an opportunity to rebut it" because "the purpose of the specific pleading requirement is to prevent a party from raising a defense at the last possible moment and thereby prejudicing the opposing party's opportunity to rebut the defense." Sands v. State, 903 S.W.2d 297, 299 (Tenn. 1995). Because Petitioner raised the issue of the statute of limitations by requesting that it be tolled on due process grounds, he cannot reasonably contend that he was prejudiced because he was not given fair notice of the defense or an opportunity to rebut it.

The one-year statute of limitations for a petition for writ of error coram nobis may be tolled on due process grounds if a petition seeks relief based upon newly discovered evidence of actual innocence. Harris, 301 S.W.3d at 145 (citing Workman v. State, 41 S.W.3d 100, 101 (Tenn. 2001)). In determining whether tolling of the statute is proper, the court is required to balance the petitioner's interest in having a hearing with the interest of the State in preventing a claim that is stale and groundless. Harris, 301 S.W.3d at 145 (citing Workman, 41 S.W.3d at 108). Generally, "before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). The Burford rule consists of three steps:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands, 903 S.W.2d at 301.

---

[4] The thirty-day period expired on a March 6, 1994, which was a Sunday. Thus, the order became final on March 7, 1994. See Tenn. R. Crim. P. 45(a)(2)(A).

Applying this analysis, the limitations period would have begun to run on March 7, 1994, which was thirty days after the trial court entered its judgment of conviction. See Harris, 301 S.W.3d at 144. Petitioner obtained the district attorney's file containing the alleged newly discovered evidence on August 26, 2008, which was after the limitations period commenced. A strict application of the limitations period would effectively deny Petitioner a reasonable opportunity to present his claim. Petitioner filed his petition for writ of error coram nobis less than one year after he gained access to the prosecutor's file containing the assistant prosecutor's note. Based on our review of these factors, the trial court did not err in tolling the statute of limitations.

We now address the primary issue presented in this case—whether the evidence asserted by Petitioner is sufficient to support a petition for writ of error coram nobis. The purpose of a writ of error coram nobis is to bring to the court's attention a previously unknown fact that, had it been known, would have resulted in a different judgment. Freshwater v. State, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004). The writ is made available to convicted defendants based on Tennessee Code Annotated section 40-26-105(a) (2006 & Supp. 2011), which provides that coram nobis relief may be had based on newly discovered evidence:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at trial.

Tenn. Code Ann. § 40-26-105(b).

The relief sought by a defendant in a petition for writ of error coram nobis "'is an extraordinary remedy known more for its denial than its approval.'" Harris v. State, 102 S.W.3d 587, 592 n.7 (Tenn. 2003) (quoting Mixon, 983 S.W.2d at 666). It is within the sound discretion of the trial court to grant or deny a petition for writ of error coram nobis, Harris, 301 S.W.3d at 144 (citing State v. Vasques, 221 S.W.3d 514, 527-28 (Tenn. 2007)), and therefore, our review of this issue is limited to determining whether the trial court abused its discretion. Harris, 301 S.W.3d at 149 (Koch, J., concurring) (citing Freshwater v. State, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004)). A court abuses its discretion when it applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly erroneous assessment of the evidence, or utilizes reasoning that results in an injustice to the complaining party. Wright ex rel. Wright v. Wright, 337 S.W.3d 166, 176 (Tenn. 2011).

When a trial court addresses a petition for writ of error coram nobis, it must find that the subsequently or newly discovered evidence "may have resulted in a different judgment, had it been presented at the trial." Tenn. Code Ann. § 40-26-105(b). This rule presupposes that such evidence would be admissible. Pylant v. State, 263 S.W.3d 854, 869 (Tenn. 2008) (quoting Newsome v. State, 995 S.W.2d 129, 135 (Tenn. Crim. App. 1998)); see also Harris, 301 S.W.3d at 152 (Koch, J., concurring) ("In order to be considered 'newly discovered evidence,' the proffered evidence must be . . . admissible . . . ."). Thus, the pivotal issue in this case is whether the handwritten note by the assistant district attorney general expressing her views about the lack of credibility of the two State witnesses is admissible evidence.

An attorney's work product consists of those internal reports, documents, memoranda, and other materials that the attorney has prepared or collected in anticipation of trial. State v. Hunter, 764 S.W.2d 769, 770 (Tenn. Crim. App. 1988), perm. app. denied (Tenn. Jan. 30, 1989). The assistant district attorney's handwritten note recording her impressions as to the credibility of witnesses qualifies as a memorandum prepared in anticipation of trial and therefore, constitutes work product. "The central purpose of the work product doctrine is to protect an attorney's preparation for trial under the adversary system." Swift v. Campbell, 159 S.W.3d 565, 572 (Tenn. Ct. App. 2004). The doctrine is based on an attorney's right to conduct his or her client's case with a certain degree of privacy, preventing the discovery of materials prepared by opposing counsel in anticipation of litigation and protecting from disclosure an adversary's "mental impressions, conclusions, and legal theories of the case." Memphis Publ'g Co. v. City of Memphis, 871 S.W.2d 681, 689 (Tenn. 1994). The doctrine "has a vital role in assuring the proper functioning of the criminal justice system" and, as applicable to criminal proceedings, is embodied in Tennessee Rule of Criminal Procedure 16(a)(2). Swift, 159 S.W.3d at 573. In pertinent part, Rule 16(a)(2) precludes "the discovery or inspection of reports, memoranda, or other internal state documents made by the district attorney general or other state agents or law enforcement officers in connection with investigating or prosecuting the case." Tenn. R. Crim. P. 16(a)(2). The assistant district attorney's handwritten note recording her impressions as to the credibility of witnesses qualifies as a memorandum reflecting a mental impression that she formed in connection with prosecuting this case and is, therefore, protected work product under Rule 16(a)(2). See Boyd v. Comdata Network, Inc., 88 S.W.3d 203, 225 (Tenn. Ct. App. 2002) ("The courts have not hesitated to give work product protection to an attorney's handwritten notes or comments prepared in anticipation of, or in preparation for, litigation.").

Petitioner argues that even if the assistant prosecutor's note is protected from disclosure, her duty to disclose exculpatory evidence persisted irrespective of the form in which the evidence was recorded — that it is the *content* of the note, i.e., the information that the juvenile witnesses had repeatedly lied, and not the note itself, which threatens the validity of the jury's verdict. This argument, however, fails because the note at issue and its content

-6-

are inextricably linked; the note itself is the only proof of its content and without the note, there is nothing to support Petitioner's allegation that there was undisclosed exculpatory evidence.

The trial court ruled that the assistant district attorney's note was work product that the State was not required to disclose. While this ruling was correct, it was not dispositive because discoverability and admissibility are separate matters. See Roy v. City of Harriman, 279 S.W.3d 296, 301 (Tenn. Ct. App. 2008) ("[W]hether the document is discoverable is not directly relevant. What matters is whether the document would be *admissible* at trial."). The law in this state and elsewhere, however, supports the conclusion that, as work product, the assistant district attorney's note was both non-discoverable and inadmissible. See Mitchell v. Jennings, 836 S.W.2d 575, 581 (Tenn. Ct. App. 1992) ("It was stipulated in the bench-side conference that this statement was work product, and we agree that the trial court was correct in holding that the statement was inadmissible and not obtainable by counsel."); State v. Mingo, 392 A.2d 590, 594 (N.J. 1978) ("[W]ork product is inherently inadmissible."); Am. Nat'l Red Cross v. Vinton Roofing Co., 629 F. Supp. 2d 5, 8 (D.D.C. 2009) ("The work product doctrine provides that, generally, information produced or obtained in anticipation of litigation is inadmissible discovery."). Notwithstanding this general rule of inadmissibility, we recognize that in the discovery context, a distinction is made between "ordinary or fact work product" and "opinion work product" and that ordinary or fact work product may be discoverable upon a showing of substantial need and undue hardship. See Boyd, 88 S.W.3d at 221. The work product at issue in the present matter is opinion work product, which is never discoverable and is therefore inadmissible. See Tenn. R. Civ. P. 26.02(3) ("The court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney . . . ."). As inadmissible evidence, the assistant district attorney's note is not sufficient to support a petition for writ of error coram nobis. See Pylant, 263 S.W.3d at 869.

Because the petition for writ of error coram nobis was based on evidence that was attorney work product and not admissible at trial, the trial court properly dismissed the petition without an evidentiary hearing.[5] The judgment of the Court of Criminal Appeals is reversed, and the judgment of the trial court is reinstated. It appearing that the petitioner,

---

[5] We may affirm a lower court's judgement that reached the correct result even though it is based on different, incomplete, or erroneous grounds. Cont'l Cas. Co. v. Smith, 720 S.W.2d 48, 50 (Tenn. 1986). The State raised other issues on appeal, but these issues are pretermitted by our decision.

Cyrus Deville Wilson, is indigent, the costs of this appeal are taxed to the State of Tennessee, for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE