IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 15, 2015 at Knoxville

**MICHAEL V. MORRIS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2005-B-875     Monte D. Watkins, Judge**

---

**No. M2015-01113-CCA-R3-ECN – Filed December 29, 2015**

---

The *pro se* petitioner, Michael V. Morris, appeals the summary dismissal of his petition for writ of error coram nobis, arguing that due process requires that the statute of limitations for filing his petition be tolled because Sutton v. Carpenter, 745 F. 3d 787 (6th Cir. 2014), which he interprets as establishing that he has the right to effective assistance of post-conviction counsel, was not released until after the time limit for filing the petition had expired.  Following our review, we affirm the summary dismissal of the petition as time-barred pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Michael V. Morris, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Glenn R. Funk, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The petitioner was convicted by a Davidson County Criminal Court jury of aggravated robbery on July 11, 2006, and was subsequently sentenced by the trial court as a career offender to thirty years at 60% in the Department of Correction.  His conviction was affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal.  State v. Michael V. Morris, No. M2006-02738-

CCA-R3-CD, 2008 WL 544567, at *1 (Tenn. Crim. App. Feb. 25, 2008), perm. app. denied (Tenn. Aug. 25, 2008), reh'g denied (Tenn. Sept. 22, 2008).

The petitioner subsequently filed two successive petitions for writ of habeas corpus, in both of which he argued, among other things, that he was improperly sentenced as a career offender. Both petitions were summarily dismissed, and this court affirmed the summary dismissals in both cases. See Michael V. Morris v. State, No. M2008-02113-CCA-R3-HC, 2010 WL 2075933, at *1 (Tenn. Crim. App. May 25, 2010), perm. app. denied (Tenn. Aug. 26, 2010); Michael V. Morris v. James Fortner, Warden, No. M2008-01022-CCA-R3-HC, 2009 WL 690304, at *1 (Tenn. Crim. App. Feb. 26, 2009).

The petitioner also filed a petition for post-conviction relief in which he raised claims of ineffective assistance of trial and appellate counsel. This court affirmed the denial of the petition, and our supreme court denied the petitioner's application for permission to appeal. Michael V. Morris v. State, No. M2010-02069-CCA-R3-PC, 2012 WL 76905, at *1 (Tenn. Crim. App. Jan. 6, 2012), perm. app. denied (Tenn. Apr. 20, 2012).

On April 2, 2015, the petitioner filed the petition for writ of error coram nobis at issue in this case, alleging that Sutton v. Carpenter, which he interprets as establishing his constitutional right to post-conviction counsel, constitutes newly discovered evidence that may have led to a different judgment at trial. The petitioner conceded that his petition was untimely, but he argued that the statute of limitations should be tolled because his interest in presenting his constitutional claim regarding effective assistance of post-conviction counsel outweighed the State's interest in preventing stale claims. On May 26, 2015, the court entered an order summarily dismissing the petition, finding that it was untimely and that the petitioner failed to show any due process grounds for tolling the statute of limitations. This appeal followed.

A writ of error coram nobis is an extraordinary remedy by which the court may provide relief from a judgment under only narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). Tennessee Code Annotated section 40-26-105 provides this remedy to criminal defendants:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a

2

jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105(b), (c) (2012).

Our supreme court has stated the standard of review as "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." State v. Vasques, 221 S.W.3d 514, 525-28 (Tenn. 2007) (citation omitted).

Coram nobis claims are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103. The statute of limitations is computed "from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010). The one-year statute of limitations, may, however, be tolled on due process grounds if the petitioner seeks relief based upon newly discovered evidence of actual innocence. Wilson v. State, 367 S.W.3d 229, 234 (Tenn. 2012). The issue of whether a claim is barred by an applicable statute of limitations is a question of law, which this court reviews *de novo*. See id.

As we understand it, the petitioner's attenuated argument is that the Sutton opinion, which he interprets as establishing that he has the right to effective assistance of post-conviction counsel, constitutes "newly discovered evidence that would establish [his] actual innocence of career offender designation" because had post-conviction counsel provided effective assistance, counsel would have investigated and shown that the State's use of his out-of state convictions to establish his offender classification was unconstitutional.

The petitioner's reasoning is flawed. First, the petitioner is mistaken in his belief that Sutton establishes a constitutional right to the effective assistance of post-conviction counsel. As the State points out in its brief, we rejected a similar argument based on Martinez v. Ryan, 566 U.S. ___, 132 S. Ct. 1309 (2012), and its successor cases, such as Sutton, in a recent case. In David Edward Niles v. State, No. M2014-00147-CCA-R3-PC, 2015 WL 3453946 (Tenn. Crim. App. June 1, 2015), perm. app. denied (Tenn. Sept. 17, 2015), we noted that those federal cases, which provide that a petitioner in a federal habeas corpus petition is not procedurally barred from raising a claim of ineffective assistance of trial counsel when post-conviction counsel was ineffective for not raising the claim and the state procedural law either prohibited or made it highly unlikely for the petitioner to have had a meaningful opportunity to raise the claim on direct appeal, do not establish a constitutional right to the effective assistance of post-conviction counsel. Id.

3

at *6-7 (citations omitted). Second, the petitioner claims not that the alleged newly discovered evidence shows his actual innocence of the crime, but only his "innocence" of his career offender classification. Thus, we agree with the coram nobis court that the petition is untimely and that the petitioner has not shown any basis for tolling the statute of limitations on due process grounds. Accordingly, we affirm the summary dismissal of the petition as time-barred.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ALAN E. GLENN, JUDGE