
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 8, 2016

## KENNETH DALE SANDERS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Grundy County**
**No. 3081      Thomas W. Graham, Judge**

_____

### No. M2016-00756-CCA-R3-ECN

_____

The pro se petitioner, Kenneth Dale Sanders, appeals the summary dismissal of his petition for writ of error coram nobis. Following our review, we affirm the summary dismissal of the petition as time-barred pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Kenneth Dale Sanders, Ashland, Kentucky, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; James M. Taylor, District Attorney General; and David L. Shinn, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

This case involves the petitioner's challenge to his 1997 guilty plea conviction for possession of marijuana with the intent to sell, which, according to the petitioner, was used by the federal court to enhance his sentence for a subsequent federal drug conviction. On May 14, 1997, the petitioner pled guilty to possession of marijuana with the intent to sell, a Class E felony, and was sentenced to two years on community corrections. State v. Kenneth D. Sanders, No. M2014-01689-CCA-R3-CD, 2015 WL 6501229, at *1 (Tenn. Crim. App. Oct. 28, 2015). On December 13, 2013, the petitioner filed a motion to "vacate his guilty plea and/or motion to alter and amend the judgment," which the trial court treated as a motion for post-conviction relief, "alleging that he received ineffective assistance of counsel during his guilty plea proceedings." Id. The

trial court denied the motion, noting that it was barred by the statute of limitations for post-conviction relief. The trial court also denied the petitioner's subsequent motion to reconsider. Id.

On appeal, the petitioner raised claims of actual innocence, the trial court's lack of subject matter jurisdiction, illegal sentence, unknowing and unintelligent guilty plea, and deprivation of the rights guaranteed him by the Sixth and Fourteenth Amendments. Id. at *2. This court concluded that all of the petitioner's claims, with the exception of his claim of ineffective assistance of counsel during the guilty plea proceedings, were waived due to his failure to raise them in his motion to vacate his guilty plea. Id. We further concluded that the petitioner's notice of appeal was untimely and that there was nothing in the record to show that his late-filed notice of appeal should be waived in the interest of justice. Id. at *3. Accordingly, we affirmed the judgment of the trial court. Id.

On February 2, 2016, the petitioner filed the coram nobis petition at issue in this case in which he raised the same claims he raised in his earlier appeal: (1) that he was actually innocent of the crime because the facts showed that his intent with the marijuana, which he alleges he found in a "fence row," was not to sell it but to either destroy it or turn it over to the police; (2) that the trial court lacked subject matter jurisdiction to accept his guilty plea because of the lack of evidence of the intent element of the crime; (3) that he received an illegal sentence because the trial court was without jurisdiction to sentence him due to the lack of evidence of his intent; (4) that his guilty plea was unknowing and involuntary due to the ineffective assistance of his counsel, who failed to properly investigate the facts and the law; and (5) that he was denied the effective assistance of counsel due to counsel's failure to properly investigate and advise him regarding the plea.

The State responded with a motion to dismiss in which it asserted that the petition was barred by the statute of limitations and failed to state a colorable claim for relief. On March 17, 2016, the coram nobis court entered an order granting the State's motion to dismiss, finding that the petition was barred by the statute of limitations and that the issues raised by the petitioner had "already been addressed and reviewed and found to be without merit." Thereafter, the petitioner filed a timely appeal to this court.

A writ of error coram nobis is an extraordinary remedy by which the court may provide relief from a judgment under only narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). Tennessee Code Annotated section 40-26-105 provides this remedy to criminal defendants:

> Upon a showing by the defendant that the defendant was without fault in
> failing to present certain evidence at the proper time, a writ of error coram

nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105(b), (c) (2012).

Our supreme court has stated the standard of review as "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." State v. Vasques, 221 S.W.3d 514, 525-28 (Tenn. 2007) (citation omitted).

Coram nobis claims are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103. The one-year statute of limitations, may, however, be tolled on due process grounds if the petitioner seeks relief based upon newly discovered evidence of actual innocence. Wilson v. State, 367 S.W.3d 229, 234 (Tenn. 2012). The issue of whether a claim is barred by an applicable statute of limitations is a question of law, which this court reviews de novo. See id.

The error coram nobis petition was filed well beyond the one-year statute of limitations, and, thus, is untimely. The petitioner's argument that there was no evidence of his intent to sell the marijuana does not constitute "newly discovered evidence of actual innocence" that would warrant the tolling of the statute of limitations on due process grounds. We, therefore, affirm the summary dismissal of the petition as time-barred.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE