IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2021

**BERT NEWBY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 06-03859          Glenn Ivy Wright, Judge**

_____

**No. W2020-00991-CCA-R3-ECN**

_____

Petitioner, Bert Newby, appeals the summary dismissal of his petition for writ of error coram nobis. Petitioner contends that the coram nobis court improperly determined that his petition was time-barred and that he presented newly discovered evidence of a witness's recanted testimony, which may have resulted in a different judgment had it been presented at trial. Following a thorough review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Rosalind Elizabeth Brown, Memphis, Tennessee, for the appellant, Bert Newby.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural Background**

In February 2007, Petitioner was convicted of first degree murder and aggravated assault, for which he received an effective sentence of life plus three years. On direct appeal, this court summarized the evidence presented at trial, as follows:

> This case involves the murder of the victim after he failed to repay a debt to [Petitioner] for drugs. [Petitioner] denied that he killed the victim but did acknowledge that the victim owed him $195. He also admitted that he

hit the victim in the head with a 9mm pistol during an argument a few days before the victim was killed.

During the trial, the victim's wife testified that the victim came home one evening after picking up some food. [Petitioner] was outside their home when the victim returned. The victim's wife testified that she advised the victim to stay away from the door, but he proceeded outside. She said that [Petitioner] hit the victim in the head with a gun, inflicting an injury which required stitches. She testified that [Petitioner] knocked on their door the next day and identified himself as "Thick." She testified that [Petitioner] told her not to "say a damn word about what he was going to do." He told her that he had shot one man and could shoot another. The victim's wife said she went to bed, and, when the victim returned home, she advised him to lock the door. [Petitioner] returned to the victim's home later that night and knocked on the door. The victim's wife testified that the victim answered the door and was shot by [Petitioner]. She said that she saw [Petitioner] running away from the apartment, getting into a car, and driving away.

[Petitioner] acknowledged that he sold drugs to the victim and that the victim owed him money for drugs. [Petitioner] also admitted to officers that he had been in a fight with the victim prior to the murder and that he struck the victim in the head with a 9mm pistol during the fight. [Petitioner] told the police that he was in a motel with his girlfriend on the night of the murder. The girlfriend verified that they stayed at the motel that night, but she also told the police that [Petitioner] left the motel twice that night.

*State v. Bert Newby*, No. W2007-01213-CCA-MR3-CD, 2009 WL 2151826, at *1 (Tenn. Crim. App. July 17, 2009), *perm. app. denied* (Tenn. Dec. 21, 2009). In its review of the sufficiency of the evidence supporting Petitioner's convictions, this court noted that "[t]he victim's wife was the only eyewitness to the shooting, and she identified [Petitioner] as the shooter" and that Petitioner's "trial counsel extensively cross-examined her about what she saw and . . . she did not change her story." *Id.* at *3. This court affirmed Petitioner's judgments of conviction, and the Tennessee Supreme Court denied further appellate review. *Id.* at *1, 6.

In 2010, Petitioner filed a pro se petition for post-conviction relief, followed by an amended petition after the appointment of counsel. At an evidentiary hearing in 2011, Petitioner's trial counsel explained that, when the victim's wife testified at trial, "the only thing she said [wa]s [']ma'am, all these questions you asking me, all I know is [Petitioner] did it.['] That was her answer to every single question that [trial counsel] asked was that [Petitioner] did it." *Bert Newby v. State*, No. W2011-02522-CCA-R3-PC, 2013 WL

6500156, at *4 (Tenn. Crim. App. Dec. 9, 2013) (some alterations in original), *perm. app. denied* (Tenn. Mar. 5, 2014).  Trial counsel also testified that she impeached the victim's wife's credibility with a prior inconsistent statement that the victim's wife had given to police.  *Id.*  Trial counsel testified, however, that the victim's wife "was a very difficult witness to cross[-]examine because [she] was mentally disabled and was also a crack cocaine addict."  *Id.*  The victim's wife originally "testified that she did not remember making a second statement to the police[,]" but when "[t]rial counsel showed [her] a copy of [her] first statement to police concerning the victim's death[,]" she "recognize[d] her name and date of birth on the statement[,]" "remembered signing the statement and acknowledged her signature thereon."  *Id.* at *6.  Following the hearing, the post-conviction court denied relief.  *Id.* at *1.  This court affirmed the denial of post-conviction relief on appeal, concluding that trial counsel's impeachment of the victim's wife was not deficient.  *Id.* at *1, 7.  The Tennessee Supreme Court denied further review.  *Id.* at *1.

On May 28, 2019, Petitioner filed a pro se petition for writ of error coram nobis. Petitioner asserted that he had newly discovered evidence that may have resulted in a different judgment in his case consisting of an affidavit from the victim's wife in which she recanted her statement to police and alleged that she "did not see the man who shot and killed [the victim]" and that her statement merely reflected "what the police told [her] to say."[1]  Petitioner alleged that he found this "newly discovered evidence" while preparing his petition for post-conviction relief and asserted that he was "without fault in failing to present this claim sooner."  He attached to his petition an affidavit purportedly signed by the victim's wife.

The State filed a response to the petition along with a motion to dismiss.  The State asserted that the petition was filed outside the statute of limitations applicable to coram nobis claims and that Petitioner failed to demonstrate the need for due process tolling.  The State further asserted that the petition did not meet the requirements of Tennessee Code Annotated section 40-26-105 and *State v. Mixon*, 983 S.W.2d 661 (Tenn. 1999).

In a written order, the coram nobis court dismissed the petition without a hearing. The coram nobis court found that the petition was not timely and that Petitioner failed to establish that the statute of limitations should be tolled.  Additionally, the court found that the affidavit from the victim's wife did not constitute newly discovered evidence for the purposes of error coram nobis relief.  The court also determined that, "[c]onsidering the trial testimony, even if additional proof had been submitted regarding [the victim's wife's] inconsistent assertions that she could identify the shooter," Petitioner failed to establish that such proof may have affected the jury's verdict.  This timely appeal follows.

---

[1] Petitioner was subsequently appointed counsel, but no amended petition was filed.

- 3 -

## II. Analysis

Petitioner contends that the coram nobis court improperly determined that the petition was untimely.  He further argues that he presented newly discovered evidence that the victim's wife's statement to police was "coerced or influenced by a detective."  The State responds that the coram nobis court properly dismissed the petition because it was untimely filed, Petitioner was not entitled to due process tolling, and Petitioner failed to present newly discovered evidence.

*Writ of Error Coram Nobis*

Tennessee Code Annotated section 40-26-105 provides relief in criminal cases by petition for writ of error coram nobis and states, in pertinent part:

> The relief obtainable by this proceeding shall be confined to error dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ, on writ of error, or in a habeas corpus proceeding.  Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105(b) (2019).  A petition for writ of error coram nobis should recite:

> (a) the grounds and nature of the newly discovered evidence; (b) why the admissibility of the newly discovered evidence may have resulted in a different judgment if the evidence had been admitted at the previous trial; (c) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (d) the relief sought by the petitioner.

*State v. Hart*, 911 S.W.2d 371, 374-75 (Tenn. Crim. App. 1995) (internal citations and quotation marks omitted).

The writ of error coram nobis is "an *extraordinary* procedural remedy," providing relief in only a limited number of cases.  *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (emphasis in original).  "The purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'"  *Hart*, 911 S.W.2d at 374 (quoting *State ex rel. Carlson v. State*, 407

- 4 -

S.W.2d 165, 167 (Tenn. 1966)). The decision of whether to grant or deny a petition for writ of error coram nobis on its merits rests within the sound discretion of the trial court. *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007); *Hart*, 911 S.W.2d at 375. Before granting relief, the evidence must establish, and the trial court must find, "that the subsequently or newly discovered evidence 'may have resulted in a different judgment had it been presented at the trial.'" *Hart*, 911 S.W.2d at 375 (quoting Tenn. Code Ann. § 40-26-105). The newly discovered evidence must be admissible and credible because the ultimate issue is whether the result at trial would have been different with all relevant evidence presented. *Wilson v. State*, 367 S.W.3d 229, 235 (Tenn. 2012), *overruled on other grounds by Nunley v. State*, 552 S.W.3d 800, 828 (Tenn. 2018). Accordingly, the trial court must be "reasonably well satisfied" with the veracity of the new evidence. *Vasques*, 221 S.W.3d at 527.

Recanted testimony can be a basis for error coram nobis relief. *Mixon*, 983 S.W.2d at 672. There are three requirements for that type of newly discovered evidence:

> (1) the trial court is reasonably well satisfied that the testimony given by the material witness was false and the new testimony is true; (2) the defendant was reasonably diligent in discovering the new evidence, or was surprised by the false testimony, or was unable to know of the falsity of the testimony until after the trial; and (3) the jury might have reached a different conclusion had the truth been told.

*Id.* at 673 n.17; *State v. Ratliff*, 71 S.W.3d 291, 298 (Tenn. Crim. App. 2003).

*Statute of Limitations*

Petitions for writ of error coram nobis are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103 (2019). "The statute of limitations is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *Mixon*, 983 S.W.2d at 670), *overruled on other grounds by Nunley*, 552 S.W.3d at 828. Calculating the statute of limitations in this manner is consistent with the "longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." *Mixon*, 983 S.W.2d at 670; *see also Harris*, 301 S.W.3d at 144.

Recently, our supreme court determined that "compliance with the timely filing requirement . . . is an essential element of a coram nobis claim." *Nunley*, 552 S.W.3d at 828. However, a petitioner can request equitable tolling of the limitations period. *Id.* To determine whether due process requires tolling, courts must balance the State's interest in

preventing "stale and groundless" claims against the petitioner's interest in having a hearing to present newly discovered evidence which may have led the jury to a different verdict if it had been presented at trial. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001). To balance these interests, courts should use a three-step analysis:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the ground for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995); *see also Harris*, 301 S.W.3d at 145. Likewise, "the coram nobis petition must be filed within a time period that 'does not exceed the reasonable opportunity afforded by due process.'" *Nunley*, 552 S.W.3d at 830 (quoting *Sample v. State*, 82 S.W.3d 267, 275 (Tenn. 2002)); *see Workman*, 41 S.W.3d at 103. Whether due process considerations require tolling the statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness. *Harris*, 301 S.W.3d at 144 (citing *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007)).

In this case, the coram nobis court properly dismissed the petition as untimely. The record reflects that Petitioner's judgments of conviction became final in the trial court some time in 2007. The petition for writ of error coram nobis, however, was not filed until May 28, 2019, well outside the limitations period. Moreover, Petitioner failed to establish that he was entitled to due process tolling. He alleged that he discovered the new evidence while preparing his petition for post-conviction relief. The record indicates that the petition for post-conviction relief was filed in 2010 and that the evidentiary hearing was conducted in 2011. Petitioner offered no explanation as to why he waited until 2019 to file his petition for writ of error coram nobis. Petitioner has failed to show that "a strict application of the limitations period would effectively deny him a reasonable opportunity to present the claim[,]" *Sands*, 903 S.W.2d at 301, and thus, he is not entitled to relief on appeal.

### III. Conclusion

Based on the foregoing, we affirm the judgment of the coram nobis court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 6 -