IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 16, 2026

## DAVID C. SANDS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. 71235B   James A. Turner, Judge**

_____

### No. M2025-01365-CCA-R3-ECN

_____

The petitioner, David C. Sands, appeals the summary dismissal of his petition for writ of error coram nobis by the Rutherford County Circuit Court, alleging newly discovered evidence exists that demonstrates his innocence.  After a thorough review of the record and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and MATTHEW J. WILSON, JJ., joined.

David C. Sands, Nashville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Park Huff, Assistant Attorney General; and Jennings H. Jones, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### *Facts and Procedural History*

On September 22, 2014, the petitioner pled guilty to possession of over one-half gram of cocaine with the intent to sell.[1]  He was originally indicted by a Rutherford County grand jury with one count of the sale of over one-half gram of cocaine within one thousand

---

[1] Although the petitioner did not include the judgement form reflecting his plea in the record, we have taken judicial notice of these procedural facts involved in the petitioner's prior habeas corpus proceeding before this Court. *Sands v. Perry*, No. M2024-01772-CCA-R3-HC, 2025 WL 1474161, at *1 (Tenn. Crim. App. May 22, 2025), *perm. app. denied* (Tenn. Sept. 10, 2025).  *See Anderson v. State*, 692 S.W.3d 94, 101-102 (Tenn. Crim. App. Oct. 18, 2023).

feet of a school. Following his plea, he was sentenced to ten years with the Tennessee Department of Correction to be served on community corrections. At some point during his sentence, the petitioner violated the terms of his community corrections sentence. On July 13, 2023, the petitioner's community corrections sentence was revoked, and he was ordered to serve his original sentence in confinement.

On July 21, 2025, the petitioner filed a writ of error coram nobis, seeking to withdraw his guilty plea by alleging "newly discovered evidence" existed in his case. According to the petitioner, the new evidence consisted of a "google map and AI assistance" that exposed the distance between the location of the sale of cocaine and the school was greater than a thousand feet. The petitioner alleged this map constituted newly discovered evidence of actual innocence, and as such, entitled the petitioner to equitable tolling of the one-year statute of limitations. Ultimately, the petitioner requested to withdraw his guilty plea.[2]

Upon its review, the coram nobis court found the petitioner's request was time-barred. As to the petitioner's assertion that he was entitled to equitable tolling of the statute of limitations, the court found the newly discovered evidence was not relevant to the petitioner's conviction, stating, "[the petitioner], presumably by mistake, has forgotten that he was not convicted of selling or possessing cocaine within a school zone." The coram nobis court dismissed the petition, and this timely appeal followed.

## *Analysis*

On appeal, the petitioner contends the coram nobis court erred in summarily dismissing his petition. Specifically, he argues the "newly discovered" map was material evidence to his conviction because the "school-zone allegation" was "foundational to the arrest, indictment and severity of the charges." The State submits the coram nobis court properly dismissed the petition. We agree with the State.

A writ of error coram nobis is available to convicted defendants based on subsequently or newly discovered evidence. Tenn. Code Ann. § 40-26-105(a), (b) (2006). However, a writ of error coram nobis is an "extraordinary procedural remedy" that "fills only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citing *Penn v. State*, 670 S.W.2d 426, 428 (Ark. 1984)). "It may be granted only when the coram nobis petition is in writing, describes 'with particularity' the substance of the alleged newly discovered evidence, and demonstrates that it qualifies as newly

---

[2] On August 4, 2025, the petitioner filed a Writ of Error Coram Nobis Amended, alleging the "google map and AI assistance" established that the district attorney "coerced and lied" to the grand jury to secure the petitioner's indictment.

discovered evidence." *Nunley v. State*, 552 S.W.3d 800, 816 (Tenn. 2018) (citing and quoting *Payne v. State*, 493 S.W.3d 478, 484-85 (Tenn. 2016)). "In order to qualify as newly discovered evidence, 'the proffered evidence must be (a) evidence of facts existing, but not yet ascertained, at the time of the original trial, (b) admissible, and (c) credible.'" *Id.* (quoting *Payne*, 493 S.W.3d at 484-85).

Additionally, the coram nobis petition must show why the newly discovered evidence "'could not have been discovered in a more timely manner with the exercise of reasonable diligence' and how the newly discovered evidence, had it been admitted at trial, 'may have resulted in a different judgment.'" *Id.* (quoting *Payne*, 493 S.W.3d at 484-85). "The statute presupposes that the newly discovered evidence would be admissible at trial." *Id.* (citing *Wilson v. State*, 367 S.W.3d 229, 235 (Tenn. 2012)); *State v. Hart*, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995).

The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. *State v. Hall*, 461 S.W.3d 469, 496 (Tenn. 2015). If a petition for coram nobis relief is granted, the judgment will be set aside and a new trial will be granted. *Payne*, 493 S.W.3d at 485. "[C]oram nobis petitions with inadequate allegations are susceptible to summary dismissal on the face of the petition, without discovery or an evidentiary hearing." *Nunley*, 552 S.W.2d at 831. "This holding correlates with the 'less intense' abuse-of-discretion standard of appellate review for a trial court's decision on whether to grant a writ of error coram nobis." *Id.* at 826.

As noted by the State in its brief, the coram nobis statute is inapplicable to the case at bar. In *Frazier*, our supreme court explicitly held "the coram nobis statute is not available as a procedural mechanism for collaterally attacking a guilty plea." *Frazier v. State*, 495 S.W.3d 246, 253 (Tenn. 2016). While the record before us does not include the transcript of the guilty plea hearing or the judgment form, it is undisputed that the present appeal concerns the petitioner's challenge via a petition for writ of error coram nobis to his guilty-pleaded conviction for the possession of over one-half gram of cocaine with intent to sell or deliver.

The petitioner, citing *Wlordarz v. State*, argues newly discovered evidence, such as the map in the instant case, may question the validity of a guilty plea. *Wlordarz v. State*, 361 S.W.3d 490 (Tenn. 2012). However, in *Frazier*, our supreme court, explicitly overturned *Wlordarz*, holding that the language of the error coram nobis statute refers only to newly discovered evidence material to "matters litigated at trial." *Frazier*, 495 S.W.3d 246, 250. Because a guilty plea hearing is non-adversarial and non-evidentiary, "criminal defendants who plead 'guilty' are not [tried]." *Id.* at 251. Accordingly, under *Frazier*, the petitioner is not entitled to the requested relief.

Moreover, even if the petitioner's challenge was a cognizable claim for error coram nobis, the instant petition is barred by the one-year statute of limitations, and the petitioner has failed to establish that due process requires the tolling of the statute. In addition to the requirements regarding specificity, petitions for writ of error coram nobis are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103. The statute of limitations is calculated from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely, post-trial motion. *Payne*, 493 S.W.3d at 484; *Mixon*, 983 S.W.2d at 670. A petition for a writ of error coram nobis may be summarily dismissed if it fails to show on its face that it has been timely filed because the timely filing requirement in Code section 27-7-103 is an essential element of a coram nobis claim. *Nunley*, 552 S.W.2d at 828.

The petitioner entered his plea on September 22, 2014. Therefore, his judgment became final on October 22, 2014, meaning the petitioner had until October 22, 2015, to file his petition. However, the petitioner did not file the instant petition for writ of error coram nobis until July 21, 2025—ten years and nine months after his judgment became final.

Due process considerations may toll the one-year statute of limitations when a petitioner seeks a writ of error coram nobis. *Workman v. State*, 41 S.W.3d 100, 101-102 (Tenn. 2001). Due process requires the tolling of a statute of limitations period when a petitioner would otherwise be denied "'an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.'" *Id.* at 102 (quoting *Burford v. State*, 845 S.W.2d 201, 208 (Tenn. 1992)). "To accommodate due process concerns, the one-year statute of limitations may be tolled if a petition for a writ of error coram nobis seeks relief based upon new evidence of actual innocence discovered after expiration of the limitations period." *Nunley*, 552 S.W.3d at 828-29 (citing *Wilson*, 367 S.W.3d at 234). The "coram nobis statute of limitations may be tolled only if the petitioner produces newly discovered evidence that would, if true, establish clearly and convincingly that the petitioner is actually innocent of the underlying crime of which he was convicted." *Clardy v. State*, 691 S.W.3d 390, 407 (Tenn. 2024) (citations omitted). The petitioner "should leave the court with no serious or substantial doubt that the petitioner is actually innocent." *Id.* at 408.

Following our review of the record, we conclude the coram nobis court did not abuse its discretion in summarily dismissing the petition. Here, the court found the "google map and AI assistance" did not meet the threshold to qualify as "newly discovered evidence" sufficient to toll the statute of limitations period because the evidence was irrelevant to the petitioner's conviction. The map purported to establish the fact that the distance between the location of the sale of cocaine and the school was greater than a thousand feet; however, this fact was not material to his underlying conviction of possession with intent to sell or

deliver. Because the petitioner's proffered evidence, even if presumed credible, failed to prove that the petitioner was "actually innocent" of his convicted offense, it was an inadequate basis to toll the statute of limitations. Accordingly, the coram nobis court's decision to summarily dismiss the petition as time-barred was not an abuse of discretion, and the petitioner is not entitled to relief.

### *Conclusion*

Based upon the foregoing authorities and reasoning, the judgment of the coram nobis court is affirmed.

s/ *J. ROSS DYER*
J. ROSS DYER, JUDGE