IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 2, 2017

## DAVID KEEN v. STATE OF TENNESSEE

Appeal from the Criminal Court for Shelby County
No. P-25157     Chris Craft, Judge

### No. W2016-02463-CCA-R3-ECN

The Petitioner, David Keen, raped and murdered the eight-year-old daughter of his girlfriend in March 1990, later discarding the body by throwing it into the Wolf River in Memphis. He pled guilty in 1991 to first degree murder and aggravated rape and was sentenced, respectively, to death and imprisonment for twenty years. See Keen v. State, 398 S.W.3d 594, 597-98 (Tenn. 2012). In his latest of many post-conviction filings, he argues that the Tennessee Supreme Court erred in its decision in Payne v. State, 493 S.W.3d 478 (Tenn. 2016), which denies relief for his claims; that his coram nobis petition was not time-barred; and that he is entitled to relief under Tennessee Rule of Criminal Procedure 36.1 because his sentence is illegal. He additionally seeks advice from this court as to what other avenues he may utilize in seeking relief. The coram nobis court denied relief, and we affirm that decision and decline to provide the advisory opinion sought by the Petitioner.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Kelley J. Henry, Supervisory Assistant Federal Public Defender; and Amy D. Harwell and Gretchen L. Swift, Assistant Federal Public Defenders, Nashville, Tennessee, for the appellant, David Keen.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Reginald Henderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

Since his convictions, the Petitioner has been active in seeking post-conviction relief. In 2001, he filed a petition for post-conviction relief, which was later amended, resulting in a hearing at which psychologists, Dr. Tara Wass and Dr. Mark Douglas Cunningham, testified regarding his intellectual deficits. Neither testified that the Petitioner was intellectually disabled, nor did Dr. Pamela Auble, a neuropsychologist, and his petition was denied. David Keen v. State, No. W2004-02159-CCA-R3-PD, 2006 WL 1540258, at *14-15, *23-29 (Tenn. Crim. App. June 5, 2006), perm. app. denied (Tenn. Oct. 30, 2006).

Next, in 2010, the Petitioner filed a motion to reopen his previous post-conviction proceeding, claiming that he was intellectually disabled and, thus, actually innocent of the offenses. The post-conviction court dismissed the motion, and this court affirmed the dismissal. Subsequently, our supreme court affirmed, holding that State v. Coleman, 341 S.W.3d 221 (Tenn. 2011), did not create a new constitutional right, as the Petitioner also had argued in his motion. Keen, 398 S.W.3d at 597. Next, in 2015, the Petitioner filed a petition for writ of error coram nobis, contending again that he was intellectually disabled. That petition, the denial of which is the basis for this appeal, was bolstered by reports from several experts, which we will discuss in the analysis section of this opinion. The coram nobis court denied relief, concluding that the action had been foreclosed by the opinion in Payne. The Petitioner timely appealed the ruling of the coram nobis court.

## ANALYSIS

We will review the issues raised by the Petitioner on appeal.

### I. Intellectual Disability and Coram Nobis Relief

As the Petitioner acknowledges on appeal, our supreme court has held that a claim of intellectual disability may not be brought in a petition for writ of error coram nobis:

> The evil that the coram nobis statute is aimed at remedying is a conviction based on materially incomplete or inaccurate information. It is not intended to provide convicted felons a second trial due to subsequent changes in the law. Here, the Petitioner is attempting to challenge his sentence of death based on changes in the law that occurred many years after his trial. A petition for writ of error coram nobis pursuant to Tennessee Code Annotated section 40-26-105(b) is not the appropriate

procedural mechanism for pursuing the Petitioner's claim of intellectual disability. We hold that the Petitioner has failed to state a claim that is cognizable under the coram nobis statute. Therefore, we need not address the trial court's ruling on the statute of limitations.

Payne, 493 S.W.3d at 486.

Applying the holding in Payne, the coram nobis court denied relief to the Petitioner. Although the Petitioner faults the holding in Payne, asserting that it has been overruled by Montgomery v. Louisiana, __ U.S. __, 136 S. Ct. 718 (2016), only the Tennessee Supreme Court may make this determination, not an intermediate appellate court. Accordingly, this argument is without merit.

## II. Timeliness of Coram Nobis Petition

The Petitioner argues that the coram nobis court erred in concluding that his petition was untimely. As we will explain, we agree that the petition was untimely filed.

Petitions for writ of error coram nobis are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103; Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010). The one-year statute of limitations may, however, be tolled on due process grounds if the petitioner seeks relief based upon newly discovered evidence of actual innocence. State v. Wilson, 367 S.W.3d 229, 234 (Tenn. 2012). In determining whether tolling is proper, the court must balance the petitioner's interest in having a hearing with the State's interest in preventing a claim that is stale and groundless. Harris, 301 S.W.3d at 145 (citing Workman v. State, 41 S.W.3d 100, 102 (Tenn. 2001)). Generally, "before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). The Burford rule consists of three steps:

(1) determine when the limitations period would normally have begun to run;

(2) determine whether the ground for relief actually arose after the limitations period would normally have commenced; and

(3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). Whether a claim is time-barred is a question of law, which we review de novo. Harris, 301 S.W.3d at 145 (citation omitted).

In this matter, the State correctly notes that, as described by Justice Koch, the basis of the Petitioner's 2010 motion to reopen his post-conviction petition was "a newly-obtained I.Q. test score purportedly showing that [the Petitioner] could not be executed by virtue of Tenn. Code Ann. § 39-13-203 (2010) because he was intellectually disabled." Keen, 398 S.W.3d at 597. He raised that same claim in the matter which is the basis for this appeal, however, this time, seeking coram nobis relief.

Further, the State has pointed to the gaps between the Petitioner's obtaining expert supporting affidavits and the filing of his coram nobis petition. Dr. Daniel Reschly's affidavit was obtained in August 2010, nearly five years before the filing of this coram nobis petition. Dr. Natalie Brown's affidavit was obtained by the Petitioner nearly eighteen months before the filing of the petition; and Dr. Paul Connor's report, based to a large extent on his 2008 examination of the Petitioner, was obtained in September 2013. The December 2013 affidavit of Dr. George Woods relied upon his 2010 and 2013 examinations of the Petitioner.

In the Petitioner's first direct appeal, our supreme court affirmed his conviction but remanded the matter for resentencing. State v. Keen, 926 S.W.2d 727, 744 (Tenn. 1994). In the direct appeal following the Petitioner's again being sentenced to death, the supreme court affirmed the sentence. State v. Keen, 31 S.W.3d 196, 201 (Tenn. 2000). There is no basis for concluding that the petition for writ of error coram nobis was timely filed. In fact, it was untimely by nearly two decades. It appears that what the Petitioner did, after his unsuccessful motion to reopen, was obtain additional expert reports supporting his claim of intellectual disability, raised in that 2010 motion, and repackage it as a basis for coram nobis relief. Accordingly, we conclude, as did the coram nobis court, that the petition was untimely.

### III. Rule 36.1 Relief

The Petitioner argues that he is entitled to relief, pursuant to Tennessee Rule of Criminal Procedure 36.1, because he is intellectually disabled and, thus, not eligible to be executed. The Petitioner, however, did not raise this issue in the trial court. Therefore, this issue is waived. Cauthern v. State, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("[A]n issue raised for the first time on appeal is waived.") (citing State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996)).

## IV.  Advisory Opinion

The Petitioner asks that, if this latest action is not the proper way to raise the claim of intellectually disabled, this court advise him of the way to do so.  However, we cannot provide advisory opinions.  See Hooker v. Haslam, 437 S.W.3d 409, 417 (Tenn. 2014).  Accordingly, we decline to do so.

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, we affirm the judgment of the coram nobis court denying relief.

_____
ALAN E. GLENN, JUDGE