IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 14, 2018

## CHRISTOPHER L. WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-C-1673    Cheryl A. Blackburn, Judge**

_____

**No. M2017-01854-CCA-R3-ECN**

_____

The Petitioner, Christopher L. Williams, filed a petition for a writ of error coram nobis. The coram nobis court summarily denied his petition on the grounds that it was untimely filed. On appeal, the Petitioner argues that the petition was timely filed and that the coram nobis court erred in denying relief without a hearing. After a thorough review of the facts and applicable case law, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Christopher L. Williams, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Glenn Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual and Procedural History

In August 2002, the Petitioner was convicted of three counts of especially aggravated kidnapping and received a total effective sentence of seventy-five years with release eligibility after service of 100% of the sentence. *State v. Christopher L. Williams, Corey A. Adams, and Ortega Wiltz*, No. M2003-00517-CCA-R3-CD, 2005 WL 639123,

at \*1 (Tenn. Crim. App. Mar. 16, 2005), *perm. app. denied* (Tenn. Oct. 10, 2005).[1] The Petitioner's convictions stemmed from the kidnapping of Willie Robertson, Mr. Robertson's four-year-old son, and Rick Harbin. *Id.* The Petitioner's convictions and sentences were affirmed by this court on direct appeal, and he did not seek further review from the Tennessee Supreme Court.[2] *Id.*

In October 2006, the Petitioner filed a petition for post-conviction relief, requesting a delayed appeal to the Tennessee Supreme Court. The post-conviction court summarily dismissed this petition as untimely, and this court affirmed the post-conviction court's dismissal because the petition was untimely filed and due process did not require tolling of the statute of limitations. *Christopher L. Williams v. State*, No. M2007-00386-CCA-R3-PC, 2008 WL 544636, at \*1-2 (Tenn. Crim. App. Feb. 21, 2008), *perm. app. denied* (Tenn. June 23, 2008). The Petitioner filed a second petition for post-conviction relief in 2008, which the post-conviction court summarily dismissed as previously litigated. It appears from the record and previous cases involving the Petitioner that the Petitioner did not appeal the dismissal of his second post-conviction petition to this court. The Petitioner filed a third petition for post-conviction relief in 2012, which the post-conviction court dismissed as time-barred and having been previously litigated. On appeal, this court affirmed the summary dismissal of the Petitioner's third post-conviction petition as time-barred. *Christopher L. Williams v. State*, No. M2012-00533-CCA-R3-PC, 2012 WL 5595007, at \*3 (Tenn. Crim. App. Nov. 13, 2012), *perm. app. denied* (Tenn. Mar. 5, 2013). The Tennessee Supreme Court denied further review of the Petitioner's third post-conviction petition.

On February 27, 2017, the Petitioner filed a petition for a writ of error coram nobis. The petition alleged that, on January 24, 2017, the Petitioner received his case file from the District Attorney General's Office and discovered a statement from "the brother of the victim" which "described the events from the night in which the alleged crimes were supposed to have taken place as 'this altercation resulted from the mismanagement of drug revenue.'" The Petitioner asserted that, "[a]t the time this statement was originally obtained[,] the [Petitioner] had no knowledge of who this unnamed individual was or how to locate him." The Petitioner learned from the case file that the unnamed witness was Mr. Brown and that Mr. Robertson "confided in" Mr. Brown after the offenses. Mr. Brown informed law enforcement that the "altercation" between the

---

[1] We note that this case was designated "not for citation" by our supreme court. However, "[a]n opinion so designated shall not be . . . cited by any judge in any trial or appellate court decision . . . except when . . . the opinion is relevant to a criminal, post-conviction or habeas corpus action involving the same defendant." Tenn. Sup. Ct. R. 4(E)(2).

[2] Co-defendant Adams filed a Tennessee Rule of Appellate Procedure 11 application to the Tennessee Supreme Court, which denied review.

Petitioner and Mr. Robertson was "the result of the mismanagement of drug revenue." The Petitioner argued that Mr. Brown's testimony at trial would have corroborated his version of the "altercation" between the victim and himself. The petition also stated that "Eric Brown was a potential witness of the prosecution, but was never called on to testify." The Petitioner attached a document entitled State's Supplemental Discovery Response as an exhibit to the petition, which listed Mr. Brown as a potential witness at trial.

On August 14, 2017, the coram nobis court denied the Petitioner's error coram nobis petition as untimely. The order stated the following:

> The filing of the petition for a writ of error coram nobis [fifteen] years after trial, therefore, is untimely. [The] Petitioner has failed to state any ground for which the statute of limitations should be tolled. Moreover, nothing in the record implicates any due process concerns that would require that the statute of limitations be tolled; the evidence was not "later-arising" since it was available pre-trial and during the statutory limitations period, as further discussed below.

The coram nobis court found that "at the time of the trial the potential of Eric Brown being called as a witness was known to the defense." The coram nobis court noted that the opinion affirming the Petitioner's convictions on direct appeal mentioned Mr. Brown. *See Christopher L. Williams,* 2005 WL 639123, at *2. The coram nobis court also found that the Petitioner "admit[ed] that the information he now considers as 'new evidence' was included in the record and was brought to the attention of his trial counsel." The Petitioner timely appeals the denial of coram nobis relief.

## II. Analysis

On appeal, the Petitioner asserts that the coram nobis court erred in summarily denying his petition on the ground that it was untimely filed.[3] The State argues that the coram nobis court properly denied the petition as untimely. We agree with the State.

The writ of error coram nobis is "an *extraordinary* procedural remedy," providing relief in only a limited number of cases. *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (emphasis in original). "The purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a

---

[3] The Petitioner also asserts that the coram nobis court applied an incorrect legal standard in determining that his petition was unmeritorious. Because we resolve this case on the timeliness of his petition, we will not address the merits of the petition.

different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1966)). The decision of whether to grant or deny a petition for writ of error coram nobis on its merits rests within the sound discretion of the trial court. *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007); *Hart*, 911 S.W.2d at 375. Before granting relief, the evidence must establish, and the coram nobis court must find, "that the subsequently or newly discovered evidence 'may have resulted in a different judgment had it been presented at the trial.'" *Hart*, 911 S.W.2d at 375 (quoting Tenn. Code Ann. § 40-26-105).

Petitions for writ of error coram nobis are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103; *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010). "The statute of limitations is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." *Harris*, 301 S.W.3d at 144 (citing *Mixon*, 983 S.W.2d at 670). Calculating the statute of limitations in this manner is consistent with the "longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." *Mixon*, 983 S.W.2d at 670; *Harris*, 301 S.W.3d at 144.

In certain circumstances, due process considerations may require tolling the statute of limitations. *Workman v. State*, 41 S.W.3d 100, 101 (Tenn. 2001). To determine whether due process requires tolling, we must balance the State's interest in preventing "stale and groundless" claims against the petitioner's interest in having a hearing to present newly discovered evidence which may have led the jury to a different verdict if it had been presented at trial. *Id.* at 103. To balance these interests, courts should use a three-step analysis:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the ground for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995); *see also Harris*, 301 S.W.3d at 145. Whether a claim is time-barred is a question of law, which we review *de novo*. *Harris*, 301 S.W.3d at 144 (citing *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007)).

The State bears the burden of raising the statute of limitations as an affirmative defense. *Id.* However, the State's failure to do so will not result in a waiver "if the

- 4 -

opposing party is given fair notice of the defense and an opportunity to rebut it. . . ." *Wilson v. State*, 367 S.W.3d 229, 234 (Tenn. 2012) (quoting *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995) (internal quotation marks omitted). For instance, when a petitioner raises the issue of statute of limitations and requests that it be tolled on due process grounds, the State does not waive the statute of limitations defense by failing to specifically plead it as an affirmative defense. *Id.*

In this case, it appears that the coram nobis court denied the instant petition before the State filed a response to the petition. In any event, we conclude that the Petitioner had sufficient notice of the issue of the statute of limitations because his petition states the following:

> The [Petitioner] argues that he was without fault in failing to present the newly discovered evidence at the appropriate time due to the vague nature of the identity of the "brother" in Officer McCullom's statement, his own attorney's lack of due diligence in pursuing the "brother's" identity, and the District Attorney's office withholding information that was favorable to the [Petitioner]'s defense, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

Because the Petitioner was aware that the coram nobis court could have determined that his petition was untimely filed, we will apply the factors from *Sands* to determine whether due process concerns should toll the statute of limitations in this case.

In the case sub judice, it is unclear from the record before us whether the Petitioner filed a motion for new trial. On direct appeal, the Petitioner only challenged his sentence and the sufficiency of the evidence, which can be raised absent a timely motion for new trial. *See Christopher L. Williams,* 2005 WL 639123, at *6. However, the Petitioner filed a motion asking this court to accept his untimely filed notice of appeal, which this court granted on June 9, 2003. Thus, it is apparent that the judgments in this case became final at some point between the date of entry of the judgments, November 20, 2002, and the initiation of the appellate process in 2003. The Petitioner did not file his petition for a writ of error coram nobis until February 27, 2017. This filing is clearly untimely, and we will therefore address whether the statute of limitations should be tolled for due process concerns.

In his petition for a writ of error coram nobis, the Petitioner stated that he requested his case file from the Davidson County District Attorney's Office, which he received on January 24, 2017. He further stated that he learned of Mr. Brown's statement to police from documents in the case file. The petition stated that "[a]t the time this statement was originally obtained[,] the [Petitioner] had no knowledge of [Mr. Brown] or

- 5 -

how to locate him." However, the Petitioner attached a document entitled State's Supplemental Discovery Response as an exhibit to his petition; this document states the following: "[t]he State may call the following additional witness at trial: Eric Brown." The file stamp date on this document is unreadable, but the certificate of service states that it was served on the Petitioner's counsel on July 23, 2002. Therefore, the Petitioner had notice that the State was considering calling Mr. Brown as a witness at trial. Additionally, the victim, Mr. Robertson, testified at trial that, after the Petitioner and his co-defendants kidnapped him, the Petitioner and one co-defendant forced him "to telephone people he knew to ask for money." *Christopher L. Williams,* 2005 WL 639123, at *2. Mr. Robertson eventually informed the Petitioner that his cousin, Mr. Brown, would give him some money. *Id.* The Petitioner drove to Mr. Brown's apartment complex but did not go into Mr. Brown's apartment "because [Mr.] Robertson was unable to walk to [Mr.] Brown's apartment and they did not believe that [Mr.] Brown would give them any money." *Id.* After he escaped from the Petitioner and flagged down a police officer, Mr. Robertson called Mr. Brown and asked him to come to the crime scene. *Id.* at *3. Based on the State's Supplemental Discovery Response and Mr. Robertson's testimony at trial, we conclude that the Petitioner was aware of Mr. Brown's statement to police prior to trial, that his claim for relief did not arise after the limitations period would normally have commenced, and that due process concerns do not warrant tolling of the statute of limitations in this case. Therefore, we affirm the coram nobis court's denial of relief.

### III. Conclusion

Based on the aforementioned reasons, we affirm the coram nobis court's summary denial of the Petitioner's error coram nobis petition because the petition was not timely filed and due process concerns do not warrant tolling of the statute of limitations.

_____
ROBERT L. HOLLOWAY, JR., JUDGE