IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 20, 2018 Session

## TIMOTHY P. GUILFOY v. STATE OF TENNESSEE

Appeal from the Criminal Court for Davidson County
No. 2011-A-779     Monte D. Watkins, Judge

_____

### No. M2017-01454-CCA-R3-ECN

_____

The Petitioner, Timothy P. Guilfoy, appeals from the Davidson County Criminal Court's denial of his petition for a writ of error coram nobis. The Petitioner contends that the coram nobis court erred in denying his petition because he presented newly discovered evidence in the form of an affidavit from the jury foreperson stating that the jury viewed videotaped forensic interviews of the victims during its deliberations. Discerning no error, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Samuel J. Muldavin, Memphis, Tennessee, for the appellant, Timothy P. Guilfoy.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner is serving a total effective sentence of forty years for his October 2011 convictions for three counts of aggravated sexual battery and one count of rape of a child. On January 17, 2017, the Petitioner filed the instant petition for writ of error coram nobis. Attached to his petition was an affidavit from the jury foreperson stating that videotaped forensic interviews of the victims were admitted into evidence at trial but not played in the courtroom during the trial, that she requested that the jury be allowed to view the interviews in the jury room during its deliberations, and that the jury had viewed them. The State responded to the petition by arguing that it was barred by the statute of limitations. On June 23, 2017, the coram nobis court entered a written order denying the

petition on the grounds that it was time-barred and failed to state a cognizable claim for coram nobis relief. The Petitioner now appeals to this court.

This is the Petitioner's third attempt to raise in this court the issue of the jury's viewing the videotaped forensic interviews during its deliberations. See Timothy Guilfoy v. State (Guilfoy II), No. M2014-01619-CCA-R3-PC, 2015 WL 4880182, at *11-12 (Tenn. Crim. App. Aug. 14, 2015), perm. app. denied (Tenn. Feb. 18, 2016); State v. Timothy P. Guilfoy (Guilfoy I), No. M2012-00600-CCA-R3-CD, 2013 WL 1965996, at *14-15 (Tenn. Crim. App. May 13, 2013). During the Petitioner's trial, "the trial court admitted as substantive evidence the recorded forensic interviews" of the victims "[w]ithout objection" from trial counsel. Guilfoy I, 2013 WL 1965996, at *14. "[T]he interviews were not played in open court," but "they were made available to the jury during the jury's deliberations." Id.

The Petitioner conceded in his error coram nobis petition that he had retained a private investigator "who issued a written report" in November 2011 stating "that he had succeeded in speaking to several jurors and had ascertained that the jury had in fact, watched the forensic [interviews] during their deliberations." Included in the Petitioner's motion for new trial was the issue of the jury's having viewed the forensic interviews during its deliberations despite the fact that they were not played during the trial. On direct appeal, appellate counsel framed the issue as an objection to the admission of the forensic interviews "as substantive evidence." Guilfoy I, 2013 WL 1965996, at *1.

A panel of this court concluded on direct appeal that the Petitioner had waived plenary appellate review of the issue by failing to make a contemporaneous objection to the admission of the forensic interviews. Guilfoy I, 2013 WL 1965996, at *14. The panel determined that "the trial court erred in admitting the recordings of the interviews into evidence," but that the Petitioner had "failed to establish the prerequisites for plain error relief" because the appellate record did not "demonstrate that the jury ever watched the interviews." Id. The panel stated that the record was "simply silent" on whether the jury had viewed the recordings during its deliberations. Id.

The Petitioner conceded in his error coram nobis petition that he attempted to raise this issue again in his post-conviction proceedings. The Petitioner sought to have the jury foreperson testify at the post-conviction hearing that the jury had viewed the recordings of the forensic interviews during its deliberations, but the post-conviction court ruled her testimony inadmissible. Nonetheless, the Petitioner presented the testimony of his sister that she had asked trial counsel while the jury was deliberating "if she had time to get lunch before the jury returned" and that trial counsel responded that "she likely did because the jurors had requested that a TV and viewing equipment be brought into the jury room so they could 'watch the video.'" Guilfoy II, 2015 WL 4880182, at *8.

The Petitioner appealed the post-conviction court's denial of his post-conviction petition to this court. On appeal, the Petitioner did not raise the issue of the post-conviction court's having barred the jury foreperson's testimony. However, the Petitioner did allege on appeal that trial counsel was ineffective for failing "to object to the introduction of the videos of the victims' forensic interviews as substantive evidence." Guilfoy II, 2015 WL 4880182, at *11. A panel of this court concluded that the Petitioner had "failed to prove that there was a reasonable probability that the outcome of the trial would have been different had the forensic interview[s] not been introduced as substantive evidence." Id. at *12.

The Petitioner now raises this issue again in the context of the coram nobis court's denial of his petition for writ of error coram nobis. A writ of error coram nobis is an extraordinary remedy available only under very narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." Tenn. Code Ann. § 40-26-105; see also State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The purpose of a writ of error coram nobis is to bring to the court's attention a previously unknown fact that, had it been known, may have resulted in a different judgment. State v. Vasques, 221 S.W.3d 514, 526-27 (Tenn. 2007).

The decision to grant or deny the writ rests within the discretion of the coram nobis court. Teague v. State, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988). "A court abuses its discretion when it applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly erroneous assessment of the evidence, or utilizes reasoning that results in an injustice to the complaining party." State v. Wilson, 367 S.W.3d 229, 235 (Tenn. 2012).

A petition for writ of error coram nobis must be filed within one year of the date the judgment of the trial court became final. See Tenn. Code Ann. §§ 27-7-103, 40-26-105; Mixon, 983 S.W.2d at 671. For coram nobis purposes, a trial court's judgment becomes final "either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010). "The State bears the burden of raising the bar of the statute of limitations as an affirmative defense." Id.

The one-year limitations period may be tolled only when required by due process concerns. See Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001). Courts must "balance the petitioner's interest in having a hearing with the interest of the State in preventing a claim that is stale and groundless" in determining whether due process tolls

the statute of limitations.  Wilson, 367 S.W.3d at 234.  To do so, courts perform the following steps:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case a strict applications of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Id. (quoting Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995)).

The Petitioner's motion for new trial was denied on March 13, 2012; therefore, the trial court's judgments became final on April 12, 2012.  The Petitioner had until April 12, 2013, to file a petition for writ of error coram nobis. The instant petition was not filed until January 17, 2017, well outside the one-year statute of limitations.  The State raised the statute of limitations as an affirmative defense in the coram nobis court, and the coram nobis court concluded that the petition was time-barred.  We agree with the coram nobis court's conclusion.  The Petitioner's grounds for relief were not "later-arising."  In fact, the Petitioner conceded in his petition that he was aware that the jury had viewed the forensic interviews during its deliberations as early as November 2011.  Therefore, we conclude that due process does not require tolling of the statute of limitations.

Moreover, the petition for writ of error coram nobis failed to state a cognizable claim for relief.  Coram nobis relief is not available for matters which could have been raised in a motion for new trial, on direct appeal, or in a petition for post-conviction relief.  Freshwater v. State, 160 S.W.3d 548, 556 (Tenn. Crim. App. 2004).  Here, the issue was raised in the Petitioner's motion for new trial, on direct appeal, at his post-conviction proceedings, and in an appeal of his post-conviction proceedings.  As such, the petition failed to present any subsequent or newly discovered evidence that could not have been raised in an earlier proceeding.

Much of the Petitioner's brief is focused on the fact that the record was insufficient for this court to determine on direct appeal if the jury viewed the forensic interviews during its deliberations and the fact that the post-conviction court barred the foreperson of the jury from testifying at the post-conviction hearing.  However, a petition for writ of error coram nobis is not the proper forum to address these issues.

With respect to the record on direct appeal, it is the appellant's "duty to prepare a record which conveys a fair, accurate[,] and complete account of what transpired with respect to the issues forming the basis of the appeal."  State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993).  To the extent that either trial or appellate counsel failed to adequately

-4-

preserve the issue in the appellate record, a post-conviction claim of ineffective assistance of counsel would have been the proper avenue to address their deficiencies in compiling the appellate record. See Laquan Napoleon Johnson v. State, No. M2014-00976-CCA-R3-ECN, 2015 WL 1517795, at *4 (Tenn. Crim. App. Mar. 31, 2015) (noting that a claim of ineffective assistance of counsel "is not an appropriate ground for relief" in a coram nobis proceeding).

Likewise, any challenge to the post-conviction court's ruling on the admissibility of the jury foreperson's testimony at the post-conviction hearing should have been raised on appeal from that court's denial of post-conviction relief. Accordingly, we conclude that the coram nobis court did not abuse its discretion in denying the petition for writ of error coram nobis as time-barred and for failing to state a cognizable claim for coram nobis relief.

Upon the foregoing and the record as a whole, the judgment of the coram nobis court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE